TAYLOR, APPELLANT, *v.* SMITH, APPELLEE.

(No. 3664 — Decided October 24, 1984.)

*Allen S. Spike,* for appellant.
*Michael J. Gentile,* for appellee.

GEORGE, J. The plaintiff-appellant, Arthur Thomas Taylor, appeals the judgment of the domestic relations court ordering him to pay $3,883.93 in arrears due for child support. This court reverses that judgment.

Arthur Taylor and Eliza Mae Taylor (n.k.a. Smith) were divorced on April 18, 1963. Arthur was ordered to pay child support for their two children. On January 11, 1984, Eliza filed a motion with the domestic relations court seeking arrearages in child support. A hearing was held before a referee. On March 2, 1984, the referee issued his report finding that Arthur owed Eliza $3,883.93. On March 5, 1984, the trial court entered judgment for Eliza for this amount. Arthur appeals from this judgment.

### Assignment of Error 2

"The lower court erred as a matter of law and to the prejudice of the appellant when the court referee to whom the case was referred failed to prepare and file a written report, including a statement of the basis of his findings and recommendations as required by Ohio Civil Rule 53(E) and the judgment thereon was entered three days after the hearing before the referee."

The record reveals that the report of the referee was issued on the trial court's short form journal entry. It contained the following information:

"Hearing on merits had. Upon all evidence heard and upon review of brief submitted, motion for a directed verdict by defendant is overruled. Motion of defendant is granted. Bureau of Support having adjusted child support arrears *according to evidence presented,* this Court finds an arrearage of $3,883.93 as of 2-24-83 exists. Defendant's motion for lump sum judgment in said amount is granted plus legal interest beginning 1-11-84 and execution shall issue. It is further ordered that the cost of this action shall be adjudged against plaintiff which judgment has been rendered and execution shall issue." (Emphasis added.)

On March 5, 1984, just three days after the referee issued his report, the judge signed this half sheet, thus making it the court's judgment. For the following reasons, this court reverses the judgment of the domestic relations court.

First, pursuant to Civ. R. 53(E), the trial court must allow the parties fourteen days to file objections to a referee's report. In *Ferrie* v. *Ferrie* (1981), 2 Ohio App. 3d 122, paragraph one of the syllabus, this court held:

"Where a referee files a report with a recommendation in Domestic Relations Court, the court must wait fourteen days before entering final judgment in order that the parties may file written objections to the report pursuant to Civ. R. 53(E)(2)."

Thus, the trial court's failure to allow Arthur fourteen days to file objections to the referee's report constitutes reversible error. See, also, *Pinkerson* v. *Pinkerson* (1982), 7 Ohio App. 3d 319; and *State, ex rel. Lesher,* v. *Kainrad*

(1981), 65 Ohio St. 2d 68 [19 O.O.3d 261].

Second, the report must contain the factual information necessary to support the referee's findings and recommendations. This enables the trial court to make an independent analysis of the case. *Garcia* v. *Tillack* (1983), 9 Ohio App. 3d 222; and *Normandy Place Assoc.* v. *Beyer* (1982), 2 Ohio St. 3d 102. Here, the referee's report found that there existed an arrearage of $3,883.93 owed by Arthur. However, this report does not contain any underlying facts to support this conclusion. Thus, this report is insufficient as a matter of law.

Finally, the procedure used by the domestic relations court in adopting the referee's report was questionable. Here, the referee's report was prepared on the court's half sheet. It was subsequently signed by the domestic relations court judge. A similar procedure was criticized in *Logue* v. *Wilson* (1975), 45 Ohio App. 2d 132, 136 [74 O.O.2d 140], where the court made the following finding:

"* * * The report in the instant case was not a report that complied with the requirements or spirit of Civil Rule 53. The report in the instant case, in reality, constituted a judgment which the trial court merely rubber-stamped. * * *"

Accordingly, the procedures under Civ. R. 53(E) were not followed. Thus, this assignment of error is well-taken.

Assignment of Error 1
"The lower court erred as a matter of law and to the prejudice of the appellant by ruling that appellee's motion to reduce the Bureau of Support arrears to a lump-sum judgment was not barred by the doctrine of laches."

The issues raised by this assignment of error go to the merits of the case. Since the judgment may be modified, this court will not address this assignment of error at this time. *Pinkerson* v. *Pinkerson, supra,* at 321.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for proceedings consistent with the law and this opinion.

*Judgment reversed and cause remanded.*

MAHONEY, P.J., and QUILLIN, J., concur.