**In re KUTZLI et al., Alleged Abused Children.**

[Cite as *In re Kutzli* (1991), 71 Ohio App.3d 843.]

Court of Appeals of Ohio,
Paulding County.

No. 11–90–1.

Decided April 9, 1991.

*Jeffrey A. Strausbaugh,* for appellant.

*R. Kelly Ormsby III,* Prosecuting Attorney, for appellee Paulding County Dept. of Human Services.

*Michael C. Jones,* for appellee guardian *ad litem.*

SHAW, Judge.

Appellant, Margaret Kutzli, appeals from a judgment entered in the Court of Common Pleas of Paulding County, Juvenile Division, finding her two minor children, Chad Kutzli and Danielle Kutzli, to be abused children, as

defined at R.C. 2151.031(A), and committing permanent custody of the children to the Paulding County Department of Human Services. Appellant assigns two errors to the judgment of the trial court.

In her first assignment of error, appellant argues that the trial court erred to her prejudice in failing to dismiss the complaint upon her motion made pursuant to R.C. 2151.35(B)(1). The pertinent portion of the statute provides as follows:

" * * * The court upon the request of any party or the guardian ad litem of the child, may continue a dispositional hearing for a reasonable time not to exceed the time limits set forth in this division to enable a party to obtain or consult counsel. The dispositional hearing shall not be held more than ninety days after the date in which the complaint in the case was filed.

"If the dispositional hearing is not held within the period of time required by this by this division, the court, on its own motion or the motion of any party or the guardian ad litem of the child shall dismiss the complaint without prejudice."

In the case before us, the complaint alleging that the minor children were abused children was filed on January 26, 1989. Subsequent to an adjudicatory hearing convened on February 23, 1989, the trial court entered judgment finding the minor children to be abused children. On April 24, 1989, the trial court set a hearing date of June 12, 1989 for the dispositional hearing.

By motion file-stamped on June 13, 1989, and apparently prior to the dispositional hearing being convened, appellant moved for a continuance of the hearing date. The trial court continued the hearing until July 25, 1989. We note that the motion for continuance and the proposed judgment entry with the continuance date of July 25, 1989, which was ultimately signed by the court, was prepared as a single document by appellant's trial counsel.

When the July 25, 1989 hearing was convened, appellant orally requested a further continuance of the dispositional hearing. This request was denied. Whereupon, in a subsequent change of strategy, appellant then moved to dismiss the complaint asserting the trial court's failure to comply with the ninety-day time limitation contained in R.C. 2151.35(B)(1). The trial court overruled appellant's motion to dismiss and proceeded to receive evidence as to the proper disposition to be made of the minor children.

This case presents a rather unique situation. On the one hand, the scheduling of the dispositional hearing, in the first instance, was outside the statutory timeframe and thus, upon the appropriate motion, the court was under a statutory duty to dismiss the complaint. On the other hand, appellant, instead of moving for dismissal of the complaint under the statute, at a

time when it was well within her right to do so, moved for a continuance of the hearing date. Furthermore, on the very morning of the hearing date which she ostensibly selected, appellant, treating the statutory limitation as a "trump card," moved for dismissal of the complaint when it became obvious that the trial court would not grant a further continuance in the matter.

Simply put, we believe that the circumstances of this case justify the conclusion that appellant waived by implication the right to have the complaint dismissed upon the grounds asserted. Additionally, we note in passing that, at the conclusion of the July 25, 1989 hearing, counsel for appellant expressly agreed that the June 13 motion for continuance effectively waived the right to invoke the statute at least for the period from June 13 to July 25. For the reasons stated, the first assignment of error is overruled.

In her second assignment of error, appellant argues that the judgment of the trial court committing permanent custody of the children to the department of human services was against the manifest weight of the evidence. Specifically, it is appellant's contention that the evidence was insufficient to allow the court to make the determinations required by R.C. 2151.353 prior to divesting a parent of permanent custody of a minor child.

■ R.C. 2151.353 allows permanent custody of a child who has been adjudicated an abused child to be made upon (1) the determination, in accordance with R.C. 2151.414(E), that the child "cannot be placed with one of his parents within a reasonable time or should not be placed with either parent"; and (2) the determination, in accordance with R.C. 2151.414(D), that "the permanent commitment is in the best interest of the child." In addition, the trial court must determine whether reasonable efforts have been made to make it possible for the child to return home.

■ This is a case where the adjudication of abuse was entered pursuant to appellant's husband pleading guilty to two counts of gross sexual imposition involving the minor children. We note that to substantiate its argument in support of the disposition made by the trial court, appellee has attached to its appellate brief copies of therapists' reports pertaining to appellant's poor judgment in selecting her associates and appellant's inability to care for the children or to protect them in the future from sexual abuse. However, these documents were never properly made part of the trial record as filed on appeal in this matter. This court may not consider evidentiary material extraneous to a record, which record has been properly filed in accordance with App.R. 9. *Paulin v. Midland Mut. Life Ins. Co.* (1974), 37 Ohio St.2d 109, 66 O.O.2d 231, 307 N.E.2d 908. Thus, the reports may not be considered in the determination of this appeal.

Nevertheless, we find that there was some competent, credible evidence to support the findings made by the trial court pursuant to R.C. 2151.353. For example, in the dispositional phase of the proceedings, there was evidence before the trial court that appellant has consistently denied the occurrence of any sexual abuse of the children by their father. In addition, there was evidence presented that after appellant's husband was imprisoned, pursuant to the gross sexual imposition convictions, appellant took up residence with Don Shannon, who also previously had been convicted in the Allen Circuit Court, Indiana, of child molestation. Furthermore, there was testimony from the appellant indicating that she not only was aware of Shannon's prior felony conviction but that in the future, her method of dealing with the presence of Shannon in her home as a potential threat to the minor children would possibly be to remain in his company at all times.

Upon consideration of the record in this matter, we conclude that the judgment of the trial court was supported by some competent, credible evidence and therefore will not be reversed as being against the manifest weight of the evidence. See *C.E. Morris v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. Appellant's second assignment of error is overruled.

Finding no error as assigned or argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HADLEY and EVANS, JJ., concur.