**In re WRIGHT.**

[Cite as *In re Wright* (1993), 88 Ohio App.3d 539.]

Court of Appeals of Ohio,
Montgomery County.

Nos. 13372, 13373.

Decided July 6, 1993.

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, for appellee.

*Richard A. Nystrom,* for appellant.

---

FREDERICK N. YOUNG, Judge.

The appellant, Bobby Wright, appeals from an order of the Montgomery County Court of Common Pleas, Juvenile Division, denying her motion to reopen custody cases of her two children, and to recover legal custody of those children from their paternal grandmother. Both these custody cases have been consolidated for purposes of appeal.

## I

The appellant is the natural mother of Donesha Wright, born August 24, 1978, and of Dawn Wright, born November 4, 1975.

Montgomery County Children Services filed a complaint of dependency for the two children with the Montgomery County Juvenile Court on February 27, 1989. The complaint alleged that it was in the best interests of Dawn and Donesha that they be placed temporarily with the Montgomery County Children Services Board because neither the appellant nor her husband was able to care for the children properly.

Donesha and Dawn were subsequently adjudged dependent pursuant to R.C. 2151.04, and were committed to the temporary custody of the Montgomery County Children Services Board on April 14, 1989. This followed a determination that their mother was unable to care for them due to mental problems for which she was only beginning to undergo counseling, and that their father was likewise unable to properly care for them. Neither of the parents was employed at the time, so no child support from either of them was ordered.

Legal custody of Donesha and Dawn was granted to their paternal grandmother, Ruth H. Anderson, on June 6, 1989. The court noted that the father was willing to give up legal custody of the children, and the appellant had not followed through with her counseling and treatment. The appellant continued to have some visitation rights.

On July 31, 1990, the appellant moved to reopen the case and change the custody of Donesha and Dawn from their grandmother Ruth Anderson to herself. The appellant maintains that her circumstances had improved considerably since 1989. She had found adequate housing and made substantial progress in dealing with her mental illness and drug abuse. She had begun a course of study in early childhood development at Sinclair College and found work at the Sinclair Daycare Center. She had maintained contact with her children over the previous year and averred that her children wished to be reunited with her.

After a hearing before a referee, the appellant's motion to reopen and to change custody was denied by the Juvenile Court March 11, 1992. From this denial, the mother appeals.

Appellant assigns three errors, alleging that the trial court did not apply the proper standard of proof in considering her motion to reopen the case and to change custody, that the court failed to follow proper juvenile procedure in denying her motion, and that the appellant received ineffective assistance of counsel when her trial counsel allowed the court to determine the matter of custody without a formal hearing, and to proceed on an agreed entry that was in fact not agreed upon by the appellant.

The record in this case is incomplete. The appellee has filed no brief in this appeal. Most unfortunately, there is no transcript of the hearing on the motion to change custody available, and the referee has prepared no report. The entry and order do not refer to any findings of fact on which the decision denying the appellant's motion was based.

App.R. 18(C) provides that "[i]f an appellee fails to file his brief within the time provided by this rule * * * in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." Guided by this rule, we will next consider the appellant's assignments of error, taking the second assignment first.

## II

"Assignment Two:

"The trial court erred in awarding legal custody [of] appellant-mother's minor children to the paternal grandmother because the state did not follow the statutorily required procedural steps in violation of appellant's constitutional right to due process under the *Fourteenth Amendment* of the *United States Constitution* and *Article I Section 10* of the *Ohio State Constitution*." (Emphasis *sic*.)

In this assignment of error, the appellant argues that the court's failure to prepare and to serve a referee's report after the change-of-custody hearing vitiated that hearing. We agree.

The powers and duties of juvenile court referees are laid out in Juv.R. 40. Juv.R. 40(D)(1) provides, "The referee shall prepare a report upon the matters submitted by the order of reference or otherwise. The referee shall file the report with the judge and forthwith provide copies to the parties. The report shall set forth the findings of the referee upon the case submitted, together with

a recommendation as to the judgment or order to be made." None of these mandates were carried out in this case.

The Ohio Supreme Court has held that a failure to make a referee's report, where a referee is required by statute to make one, will render the ensuing judgment voidable on the timely objection of a party. See *State ex rel. Lesher v. Kainrad* (1981), 65 Ohio St.2d 68, 71, 19 O.O.3d 261, 263, 417 N.E.2d 1382, 1384. *Lesher* construed Civ.R. 53, on which Juv.R. 40(D) is patterned. *In re Swain* (1991), 68 Ohio App.3d 737, 589 N.E.2d 483.

■ A litigant must be given the opportunity to object to the referee's findings of fact, and the appellant in this case was never given that opportunity. See *Erb v. Erb* (1989), 65 Ohio App.3d 507, 584 N.E.2d 807; and Juv.R. 40(D)(2).

Moreover, a referee must prepare a written report that lists the findings of fact underlying his recommendation so that a trial judge can perform an independent analysis of that recommendation. Juv.R. 40(D)(5), in part, states, "The referee's findings of fact must be sufficient for the court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment order." Only after this is done is it proper for the judge to act on the referee's recommendation. *Taylor v. Smith* (1984), 22 Ohio App.3d 38, 22 OBR 115, 488 N.E.2d 1253; *In re Swain, supra,* 68 Ohio App.3d at 742, 589 N.E.2d at 485.

In this case, there were no written findings in the record on which the trial judge could base an independent analysis of the record. There is, consequently, no evidence that an independent analysis was made. For this reason, as well as the fact that the litigant was never given an opportunity to object to the referee's findings of fact, the referee's failure to prepare a report was error, and was prejudicial to the appellant.

■ The appellant also argues that the hearing below was vitiated by the fact that no transcript was made. It is clear, however, from a reading of R.C. 2151.35(A) that the court was not absolutely required to make a transcript of oral proceedings, since this was not a matter determining permanent custody, but only a motion to change legal custody. In cases not involving permanent custody, the juvenile court is required to make a transcript of oral proceedings on the request of a party. See, also, Juv.R. 37(A). Appellant does not argue, and the record does not show, that the court refused her request for a transcript of the motion hearing.

Thus, we find no error in the trial court's failure to make a transcript of the oral hearing.

However, because the referee failed to prepare and file a written referee's report detailing the findings of fact on which the referee's recommendation was based, the entry and order of March 11, 1992 is void.

The appellant's second assignment of error is sustained.

### III

"Assignment One:

"The juvenile court erred in denying appellant-mother custody of her minor children because the state did not meet the requisite burden of proof in violation of appellant's constitutional right to due process under the *Fourteenth Amendment* of the *United States Constitution* and *Article I Section 10* of the *Ohio State Constitution.*" (Emphasis sic.)

This assignment of error requires a review of the case on the merits. Because the record as it stands is insufficient to allow proper appellate review at this time, we will not reach the issues in this assignment of error.

### IV

"Assignment Three:

"The trial court erred and the appellant-mother received ineffective assistance of counsel when trial counsel allowed legal custody of the children to be awarded to the paternal grandmother without formal hearings and when trial counsel allowed the final order in the case to be erroneously labelled an agreed entry in violation of appellant's constitutional right to due process under the *Fourteenth Amendment* of the *United States Constitution* and *Article I Section 10* of the *Ohio State Constitution.*" (Emphasis sic.)

Because we have sustained the appellant's second assignment of error, this assignment of error is rendered moot.

We reverse the judgment of the trial court and remand the cause for a new hearing, complete with a referee's report, to be held within sixty days of the date this decision was rendered.

*Judgment reversed*
*and cause remanded.*

BROGAN and WOLFF, JJ., concur.