**In re BROWN.**

[Cite as *In re Brown* (1994), 96 Ohio App.3d 306.]

Court of Appeals of Ohio,
Montgomery County.

No. 13497.

Decided Aug. 3, 1994.

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *Jenifer L. Wilhelm,* Assistant Prosecuting Attorney, for appellee.

*Richard A. Nystrom,* for appellant.

*Rodney Keish,* guardian ad litem.

McBRIDE, Judge.

Allen Brown was born on August 29, 1990. Two days later the Montgomery County Children's Services Bureau ("CSB") took custody of the child. The CSB was awarded temporary custody of Allen on September 7, 1990 in case No. JC 90–5221. Four other children of the appellant-father were previously removed from the custody of the parents. Allen at birth tested positive for cocaine.

Thereafter, multiple custodial proceedings took place which are replete with delays, mistakes and shortcomings that may only be described as plain error. Five consecutive complaints were filed, four of which were dismissed without prejudice and terminated. Case Nos. JC 90–5221, JC 90–6328, JC 90–7456, and JC 91–0830. The pending appeal is from an order in the fifth complaint filed June 10, 1991 in JC 91–4378. The first four dismissals were mechanically entered ninety days after commencement pursuant to R.C. 2151.35(B)(1) which provides in part, that the dispositional hearing shall not be *held* more than ninety days after the complaint in the case was filed.

The fourth complaint filed on February 1, 1991 in case No. JC–91–0830 was dismissed by entry filed June 10, 1991. This entry, filed *sua sponte,* recited that the complaint "exceeded the ninety (90) day time period allowed by statute and *expired* as a matter of course." (Emphasis added.) This entry further recited that a new complaint was filed on the same day, No. JC 91–4378. However, hearings were held in case No. JC 91–0830 before a referee on April 9, May 16 and May 31 of 1991, producing three hundred forty-eight pages of testimony. A fourth hearing was scheduled and held June 27, 1991, producing sixteen pages of testimony which were followed by closing arguments before the referee. The

transcripts of three of these hearings list in the caption case No. JC 91–0830 which was dismissed *sua sponte* on June 10, 1991.

After June 10, 1991 all filings were made in the new case No. JC 91–4378. This was an administrative mistake, followed by clerical mistakes, compounded by (1) the dismissal of case No. JC 91–0830, and (2) the failure of the referee to file any report or recommendations on the hearings which he held. The dismissal entry filed June 10, 1991 reciting that case No. JC 91–0830 "expired as a matter of course" implies that the case was jurisdictionally dead by operation of the statute. This may explain the failure of the referee to file the report.

There are two assignments of error, the first of which is:

1

"The trial court erred in awarding permanent custody of appellant-father's minor child to the Montgomery County Children Service Board because the State did not follow the statutorily required procedural steps in violation of appellant's constitutional right to due process under the Fourteenth Amendment of the United States Constitution and Article I Section 10 of the Ohio State Constitution."

The pace for hearings required by statute in custody cases has produced few decisions. However, the time limitations upon such proceedings in the juvenile court, while certainly constitutional, may in specific situations raise an issue of due process, if the speedy disposition intended is not feasible under the regular conduct of judicial proceedings. R.C. 1.47(D). Our attention is first drawn to the question whether the proceedings in the last complaint were regularly conducted.

The court is not concerned with the timeliness of the adjudicatory or preliminary hearing. R.C. 2151.28(K) has a savings clause:

"The failure of the court to hold an adjudicatory hearing within any time period set forth in division (A)(2) of this section does not affect the ability of the court to issue any order under the chapter and does not provide any basis for attacking the jurisdiction of the court or the validity of any order of the court."

The above paragraph does not appear in the provisions for the dispositional hearing in R.C. 2151.35. Subsection (B)(1) provides:

"If the court at an adjudicatory hearing determines that a child is an abused, neglected, or dependent child, the court shall not issue a dispositional order until *after the court holds a separate dispositional hearing.* The dispositional hearing for an adjudicated abused, neglected, or dependent child shall be held at least one day but not more than thirty days after the adjudicatory hearing is held, except that the dispositional hearing may be held immediately after the adjudicatory hearing if all parties were served prior to the adjudicatory hearing with all

documents required for the dispositional hearing and all parties consent to the dispositional hearing being held immediately after the adjudicatory hearing. The court, upon the request of any party or the guardian ad litem of the child, may continue a dispositional hearing for a reasonable time not to exceed the time limits set forth in this division to enable a party to obtain or consult counsel. *The dispositional hearing shall not be held more than ninety days after the date on which the complaint in the case was filed.*

"If the dispositional hearing is not held within the period of time required by this division, the court on its own motion or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice." (Emphasis added.)

It is noteworthy that the requirement for dismissal without prejudice is unique and provided only for the conduct of the dispositional hearing.

R.C. 2151.35(E) provides:

"Each juvenile court shall *schedule* its hearings in accordance with the time requirements of this chapter." (Emphasis added.)

There are obvious and reasonable distinctions between scheduling, holding and concluding a hearing.

The statute does not require that a dispositional hearing, timely scheduled and commenced, be interrupted and the complaint dismissed without prejudice in the midst of a hearing because it was not completed within the ninety-day period.

"Schedule" is defined as a definite time to begin one or more events. The time for completion is speculative and never intended unless expressly stated for a special purpose. The time for completion is speculative, has no meaning to persons interested or entitled to be present, and has no purpose on meeting the statutory requirements for custody proceedings in the juvenile court.

We are confident the legislature did not intend the result argued by the appellant of denying judicial process because a proceeding, regularly scheduled and conducted, was not completed within ninety days. The statutory use of the language "shall" schedule and "shall" hold may not be construed to impose any additional condition upon the time schedule for a dispositional hearing.

The Court of Appeals for Lucas County concluded in *In re Fleming* (1991), 76 Ohio App.3d 30, 600 N.E.2d 1112, at headnote 7, that:

"Where trial court in juvenile proceeding fails to comply with requirement that final judgment be entered with[in] seven days of conclusion of dispositional hearing, proper remedy is for counsel for parents or counsel for county children services board to file, upon expiration of seven-day time period, petition for writ of procedendo with Court of Appeals requesting Court to direct trial court to

comply immediately with requirement and proceed to final judgment. R.C. § 2151.35(B)(3); Juvenile Procedure Rule 34(C)."

*In re Kutzli* (1991), 71 Ohio App.3d 843, 595 N.E.2d 1026, from Paulding County is an example of the application of a waiver rule to avoid dismissal without prejudice under R.C. 2151.35(B)(1). In *Kutzli,* the mother waived by implication the right to have a complaint, which alleged that her minor children were abused children, dismissed upon grounds that the dispositional hearing was not held within ninety days after filing of the complaint. The mother, instead of moving for dismissal of the complaint at a time when it was well within her right to do so, moved for continuation of the hearing date and, on the morning of the hearing date, moved for dismissal of the complaint only when it became obvious that the trial court would not grant a further continuance. R.C. 2151.35(B)(1). The court refused to permit the use of the mandatory time limit as a "trump card" to terminate a hearing in progress. See, also, *In re Galloway* (1991), 77 Ohio App.3d 61, 72–73, 601 N.E.2d 83, 90–92.

In the instant case the hearings before the referee were substantially completed within ninety days when case No. JC 91–0830 was automatically dismissed by the court and another—the fifth—complaint filed. This presents two questions: (1) should case No. JC 91–0830 have been dismissed? and (2) what is the effect of the dismissal?

■ Our first conclusion is that the hearing having been properly scheduled and properly held within ninety days, its completion beyond that time was proper, jurisdiction continued, and the referee should have made his report and recommendation. Any other conclusion is contrary to the legislative intent to expedite hearings in child-custody cases, frustrates the judicial process, and arguably amounts to a withdrawal of due process rights of the parties, particularly those of the child.

The appellee agrees this jurisdiction continued, and argues that case No. JC 91–0830 should not have been dismissed by the court. However, there was not and is not now any appeal from the final entry in that case. The appellee requests this court to reinstate the dismissed case and to consider all subsequent filings, including the dispositional order made in the subsequent case, as if filed in the dismissed case in which the hearings were conducted. No attempt to make such major corrections having been made at any time by the trial court, current efforts on review are futile. This appeal is based on case No. JC 91–4378 in which there never was any hearing.

The conclusion is that the mandatory hearing was properly scheduled and conducted in case No. JC 91–0830 and that the juvenile court did not lose jurisdiction to conclude the hearing after the expiration of the ninety-day period.

However, we cannot avoid finding that the trial court did abandon jurisdiction in the cause when it dismissed and terminated case No. JC 91–0830.

■ Turning to appellant's argument based upon the failure of the referee to file any written report or recommendation, such failure, followed *eleven months* later by a dispositional order with no opportunity to consider the evidence, was prejudicial error.

As indicated in *In re Wright* (1993), 88 Ohio App.3d 539, 624 N.E.2d 347, this court said:

"The Ohio Supreme Court has held that a failure to make a referee's report, where a referee is required by statute to make one, will render the ensuing judgment voidable on the timely objection of a party. See *State ex rel. Lesher v. Kainrad* (1981), 65 Ohio St.2d 68, 71, 19 O.O.3d 261, 263, 417 N.E.2d 1382, 1384. *Lesher* construed Civ.R. 53, on which Juv.R. 40(D) is patterned. *In re Swain* (1991), 68 Ohio App.3d 737, 589 N.E.2d 483.

"A litigant must be given the opportunity to object to the referee's findings of fact, and the appellant in this case was never given that opportunity. See *Erb v. Erb* (1989), 65 Ohio App.3d 507, 584 N.E.2d 807; and Juv.R. 40(D)(2).

"Moreover, a referee must prepare a written report that lists the findings of fact underlying his recommendation so that a trial judge can perform an independent analysis of that recommendation. Juv.R. 40(D)(5), in part, states, 'The referee's findings of fact must be sufficient for the court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment order.' Only after this is done is it proper for the judge to act on the referee's recommendation. *Taylor v. Smith* (1984), 22 Ohio App.3d 38, 22 OBR 115, 488 N.E.2d 1253; *In re Swain, supra,* 68 Ohio App.3d at 742, 589 N.E.2d at 485.

"In this case, there were no written findings in the record on which the trial judge could base an independent analysis of the record. There is, consequently, no evidence that an independent analysis was made. For this reason, as well as the fact that the litigant was never given an opportunity to object to the referee's findings of fact, the referee's failure to prepare a report was error, and was prejudicial to the appellant."

The argument of the appellant that the court plagiarized language of the complaint and of the statute in its dispositional entry is inappropriate, without merit and spurious in nature.

■ The further argument of the appellant that the filing of five successive complaints of dependency and for permanent custody by the county, followed by four dismissals without prejudice, constitutes harassment prejudicial to the

parties is equally without merit. The language, "[s]hall dismiss * * * without prejudice," as used in R.C. 2151.35(B)(1), is mandatory as construed herein. While the time restraint of ninety days may be imprecise, it is unthinkable that the welfare and interests of a dependent or abused child may be abandoned *with prejudice*. The statute prevents such a tragedy.

The first assignment of error is sustained. The judgment of the trial court will be vacated and this proceeding dismissed *without prejudice*.

## 2

The second assignment of error that the state failed to meet the requisite burden of proof in violation of the constitutional rights of the appellant is moot. This court may not consider the weight of the evidence until the conflicting issues have been regularly considered and regularly resolved.

There is no constitutional issue. This opinion is based upon the statutes and rules governing the procedure in such cases.

To expedite a future hearing it may be possible to introduce and to formally adopt the existing transcript of testimony, if the parties are permitted to present additional evidence.

The judgment of the trial court will be vacated and the complaint in case No. JC 91–4378 will be dismissed *without prejudice*, effective ten days after the filing of the order.

*Judgment accordingly.*

BROGAN and FAIN, JJ., concur.

ROBERT L. McBRIDE, J., retired, of the Second Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.