This case is before the court on appeal from a decision by the Cuyahoga County Court of Common Pleas, Juvenile Court Division, finding that Giles Mika Emmanuel White was a dependent child and committing him to the temporary custody of the Cuyahoga County Department of Children and Family Services. Appellant Shirley White, the child's mother, asserts six assignments of error:
 I. THE JUVENILE COURT ABUSED ITS DISCRETION BY FAILING TO CONDUCT A DISPOSITIONAL HEARING WITHIN NINETY DAYS OF THE FILING OF THE COMPLAINT AS REQUIRED BY REVISED CODE 2151.35(B)(1).
 II. THE JUVENILE COURT ABUSED ITS DISCRETION BY GRANTING TEMPORARY CUSTODY TO THE CUYAHOGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES WHERE IT FAILED TO CONDUCT AN ADJUDICATORY HEARING WITHIN THE TIME LIMITS PRESCRIBED BY REVISED CODE 2151.28((A)(2) AND JUVENILE RULE 29(A).
 III. THE CUYAHOGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT THE CHILD WAS DEPENDENT.
 IV. THE JUVENILE COURT ABUSED ITS DISCRETION BY FAILING TO BIFURCATE THE ADJUDICATORY AND DISPOSITIONAL HEARING IN THE CASE WHERE THE APPELLANT WAS NOT SERVED PRIOR TO THE ADJUDICATORY HEARING WITH ALL DOCUMENTS REQUIRED FOR THE DISPOSITIONAL HEARING.
 V. THE CUYAHOGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES HAS FAILED TO CONDUCT REASONABLE CASE PLANNING BY FAILING TO FILE WITH THE COURT A DISPOSITIONAL CASE PLAN AS REQUIRED BY REVISED CODE 2151.412 (C), RESULTING IN PREJUDICE TO THE APPELLANT.
 VI. THE JUVENILE COURT WAS WITHOUT JURISDICTION TO ENTER JUDGMENT IN THIS MATTER AS APPELLANT WAS GIVEN NEITHER ACTUAL NOR CONSTRUCTIVE NOTICE OF THE PROCEEDINGS.
The court finds the dispositional hearing was not held within the ninety-day time limit of R.C. 2151.35(B); therefore, the juvenile court should have dismissed the complaint without prejudice.
 PROCEDURAL HISTORY
Before the proceedings in this case began, the Cuyahoga County Department of Children and Family Services ("CCDCFS") filed two complaints seeking a court determination that Giles Mika White was a neglected and dependent child. Trial on the first complaint, filed May 28, 1997, was begun on August 18 and continued on September 5, 1997. After the September 5 hearing, the assigned judge recused himself. No further proceedings were held until March 25, 1998, when the newly assigned judge held a hearing and dismissed the matter in light of the adjudication in the present case.
Another complaint was filed on September 9, 1997. At a hearing on December 4, 1997, the court granted the motion of the CCDCFS to dismiss the complaint, "expired by operation of law."
On December 17, 1997, Social Worker Deborah Bock filed a third complaint with the juvenile court alleging that the two-year-old child was dependent because his mother suffered from depression and endometriosis, which interfered with her ability to care for him. In addition, the complaint alleged that the mother had been intoxicated and lethargic and was in need of drug treatment, and this prevented her from providing care and supervision for the child.
A hearing was held on February 17, 1998. The record indicates that notice of the hearing was issued to the appellant mother and to the social worker who filed the complaint and the child's guardian ad litem. After the hearing, the court issued an order finding that the allegations of the complaint had been proven by clear and convincing evidence and that the child was dependent. The court found reasonable efforts were made to prevent the removal of the child from his home and that removal was in the child's best interests. The court also found continued residence in his home would be contrary to the child's best interests because the mother suffered from depression, which interfered with her ability to care for the child, and the father of the child had not established paternity or provided care and support for the child. The court proceeded immediately to disposition of the matter, ordering the child into the temporary custody of the CCDCFS. The matter was then continued for review on September 28, 1998.
On March 25, 1998, another hearing was held on the complaint. No prior notice of this hearing had been issued. At the hearing, appellant's counsel complained that appellant had not received notice of the February hearing because she was no longer living at the address where service was sent; she had moved to Indiana. The court initially declined to address the issue of notice and asked appellant if she would agree to temporary custody by the CCDCFS. (Tr. 3, 6, 7) Appellant refused. (Tr. 7) The court then proceeded to hold a trial on the complaint, stating:
 * * * [T]his Court could rule, ma'am, that technically the law was met with valid service on you and that the prior order of the Court stands. I don't want to rule on that technicality, however. I want to rule on the merits, if I'm going to have to rule, all right? (Tr. 14)
The court then heard the testimony of Alma Wilbourn, the supervisor of the social worker who filed the complaint. She stated that the facts of the complaint were true. However, on cross-examination, she conceded the last time she had gone to appellant's residence was in June 1997. She had not observed appellant to be intoxicated or lethargic. She saw appellant only once, briefly, in December 1998 and did not see her "suffer from depression" at that time. The court also heard the appellant's testimony. At the conclusion of the testimony, the court stated, "The motion to vacate the previous order for lack of service is granted. That order of temporary custody is vacated." The court then found the child was "neglected and dependent" and ordered that he be placed in the temporary custody of the county. (Tr. 33)
Appellant's counsel orally moved the court to dismiss the complaint because more than ninety days had passed since the complaint was filed. The court denied the motion.
After the March 25 hearing, the court entered a written order vacating its order of February 17. It entered the same findings and again committed the child to the temporary custody of the CCDCFS. The court added an order requiring the child to be returned immediately to Cuyahoga County and requesting that the Cook County, Illinois, Department of Children and Family Service take physical possession of him.
 LAW AND ANALYSIS I. Dependency Proceedings Generally.
On a complaint alleging that a child is abused, neglected or dependent, the juvenile court must hold separate adjudicatory and dispositional hearings. R.C. 2151.35(B). In the adjudicatory hearing, the court must determine whether there is clear and convincing evidence that the child is abused, neglected or dependent. If the court does not find the child to be abused, neglected or dependent, the complaint must be dismissed. R.C. 2151.35(A).
If a child is found to be abused, neglected or dependent, the court must hold a separate dispositional hearing. This hearing must be held within thirty days after the adjudicatory hearing and within ninety days after the complaint was filed but may be held "immediately after the adjudicatory hearing if all parties were served prior to the adjudicatory hearing with all documents required for the dispositional hearing." If the hearing is not held within these time limitations, the court "shall dismiss the complaint without prejudice," either on its own motion or on the motion of a party or guardian ad litem.
R.C. 2151.35(B).
If a child is adjudicated an abused, neglected or dependent child, the court may commit the child to the temporary custody of a public children services agency if the complaint requests temporary custody and:
 * * * the summons served on the parents of the child contains as is appropriate * * * [A] full explanation that an adjudication that the child is an abused, neglected, or dependent child may result in an order of temporary custody that will cause the removal of the child from their legal custody until the court terminates the order of temporary custody or permanently divests the parents of their parental rights, * * * and the summons served on the parents contains a full explanation of their right to be represented by counsel and to have counsel appointed pursuant to Chapter 120 of the Revised Code if they are indigent.
II. Time Limit for Dispositional Hearing.
Appellant first argues the juvenile court failed to hold a dispositional hearing within ninety days of the filing of the complaint. Accordingly, appellant urges that R.C. 2151.35(B)(1) required the court to dismiss the complaint without prejudice, either on appellant's motion at the close of the March 25, 1998 hearing or on its own motion.
Appellee contends the dispositional hearing was timely held on February 17, 1998. But when the juvenile court vacated the February 17, 1998 order, it effectively determined that that order was void because appellant had not been served with the summons and complaint.[1] See State, ex rel. Ballard v. O'Donnell
(1990), 50 Ohio St.3d 182, paragraph one of the syllabus. Appellee claims that the juvenile court's effort to vacate its February 17 order was itself void because no motion was filed pursuant to Civ.R. 50(B), 59, or 60(B). However, no motion was required to vacate the February 17 judgment because the lack of service on appellant rendered the judgment void for lack of personal jurisdiction.[2] Id., 50 Ohio St.3d at 183-84; Rite RugCo., Inc. v. Wilson (1995), 106 Ohio App.3d 59, 62; cf. In reMichael Szymczak (July 23, 1998), Cuyahoga App. No. 73097, unreported.
By the same token, even if we assume that the conditions had been fulfilled for the court to hold a dispositional hearing immediately following the adjudicatory hearing on February 17, that hearing did not meet the ninety-day time limitation of R.C. 2151.35(B)(1) for holding a dispositional hearing because the juvenile court lacked personal jurisdiction over appellant.
The time limit for holding a dispositional hearing in a dependency matter is mandatory, not directory. The statute's use of the word "shall" supports this conclusion.[3] The dispositional hearing must at least begin within the ninety-day period or the court is obligated to dismiss the complaint without prejudice. In re Brown (1994), 96 Ohio App.3d 306; Inre Kutzli (1991), 71 Ohio App.3d 843.
The ninety-day time limit may be waived. Kutzli, 71 Ohio App.3d 843. However, there is no evidence of waiver in this case. While appellant allowed the adjudicatory hearing to go forward on March 25, 1998 (despite the continued lack of service), there is no evidence appellant consented to an immediate dispositional hearing. In re Littlejohn (May 7, 1998), Cuyahoga App. No. 71354, unreported.
There is also no evidence appellant was served before the March 25 hearing with the documents required for an immediate dispositional hearing;[4] therefore, a separate dispositional hearing was required, within the time limits set by R.C.2151.35(B)(1). In re Baby Girl Baxter (1985), 17 Ohio St.3d 229,233.
Accordingly, the court finds the first assignment of error has merit. The court will reverse the juvenile court's order and remand with instructions to dismiss the complaint, without prejudice, pursuant to R.C. 2151.35(B)(1).
In light of the court's disposition of the first assignment of error, the court will not address the remaining five assignments of error, which are moot. App.R. 12(A)(1)(c).
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, P.J. and MICHAEL J. CORRIGAN, J. CONCUR
 _______________________________ JUDGE KENNETH A. ROCCO
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] Though its reasoning is not crystal clear, the juvenile court's statement in the hearing that it was granting the motion to vacate "for lack of service" implies a determination that the prior order was void for lack of personal jurisdiction.
[2] Appellee has not cross-appealed from this part of the juvenile court's decision, so this court cannot consider whether the juvenile court correctly determined appellant was not served with the summons and complaint.
[3] The time limit for adjudicatory hearings is not similarly mandatory. A "savings provision" at R.C. 2151.28(K) provides that the failure of the court to hold an adjudicatory hearing within the time limits set forth in R.C. 2151.28 (A) (2) does not provide any basis for attacking the court's jurisdiction or the validity of a court order. There is no similar savings provision with respect to the time limits on dispositional hearings.
[4] The CCDCFS argues that no documents were introduced or required. However, at a minimum, appellant should have been provided with a copy of the agency's case plan and the parties should have attempted to come to an agreement regarding the content of the plan, to be approved by the court and journalized as part of the dispositional order. R.C.2151.412(A), (C), (D). While the CCDCFS contends appellant had agreed to a case plan in connection with other proceedings, the record of those proceedings is not a part of the record in this case.