OPINION
Rick Hainline appeals from the judgment of the Paulding County Court of Common Pleas, Juvenile Division, granting permanent custody of his two minor children, Matthew and Kayla Hainline, to the Paulding County Department of Human Services ("DHS") and terminating his parental rights of the children.
In July 1997, the DHS filed a complaint alleging that appellant's children were neglected children. The juvenile court found the children to be neglected and ordered them committed to the temporary custody of DHS. On April 13, 1999, DHS filed a motion seeking permanent custody of the children pursuant to R.C.2151.413. Following hearings held in April and August 1999, the juvenile court issued its judgment granting the DHS's motion for permanent custody.
Appellant now appeals, raising two assignments of error for our review. For his first assignment of error, appellant asserts:
 The decision of the trial court to award the permanent custody of the appellant's two children to the Paulding County Department of Human Services constituted an abuse of discretion and an error as a matter of law due to the trial court's failure to comply with O.R.C. Section 2151.419.
Appellant argues that the trial court erred by failing to comply with R.C. 2151.419's requirement to determine whether DHS had made reasonable efforts through its case plans to reunite the appellant with his children or that such efforts would have been futile, and has cited In re Lawson/ReidChildren (Apr. 18, 1997), Clark App. No. 96-CA-0010, unreported, 1997 WL 189379, in support of that argument.
R.C. 2151.419(A) indicates that, under certain circumstances, the trial court is required to determine whether the public children services agency "has made reasonable efforts * * * to eliminate the continued removal of the child[ren] from [their] home, or to make it possible for the child[ren] to return safely home." The statute, amended effective March 18, 1999, clearly requires that the determination be made at any hearing held "pursuant to section 2151.28 or 2151.353 of the Revised Code at which the court removes [the children] from [their] home or continues the removal of [the children] from [their] home[.]"[1] R.C. 2151.419(A). Additionally, the statute requires the court to make written findings of fact describing the relevant services offered by the agency and why those services were inadequate to reunite the family.
Without adopting the judicial enlargement of R.C. 2151.419 of the Second District Court of Appeals, see In re Lawson/ReidChildren, supra, we note that we have previously applied the R.C.2151.419 determination to a court's decision concerning permanent custody. See, e.g., In re Cook (Oct. 8, 1998), Hancock App. No. 5-98-16, unreported, 1998 WL 719524; In re Stamper (Nov. 19, 1997), Union App. No. 14-97-23, unreported, 1997 WL 722784. Nevertheless, as we previously determined in In re Cook, at *2, the requisite finding of reasonable efforts was made where permanent custody is granted based on R.C. 2151.414(E)(1) pertaining to reasonable case planning and diligent efforts at reunification with the parents along with the court's reference to services provided by the agency and the mother's failure. We also have concluded that a trial court's failure to expressly list the services offered by the agency in its judgment entry does not automatically constitute reversible error because the essential requirements of the statute may be apparent from the trial court's findings of fact. In re Flanagan (Apr. 22, 1998), Seneca App. No. 13-97-42, unreported, at *4, 1998 WL 195866.
Upon review of the record, we note that the trial court actually made the R.C. 2151.419 reasonable efforts determination with respect to appellant at the time of the initial adjudication and dispositional judgment granting temporary custody to DHS. Further, the juvenile court's judgment granting permanent custody expressly determined that despite "reasonable case planning and diligent efforts by the agency" to assist appellant in remedying the problems causing the children to be placed outside the home, appellant had repeatedly failed to substantially remedy those conditions. The court found that there had been supervised visits with the children and that appellant had demonstrated to DHS a lack of understanding, ability, insight and judgment to properly care for the children. The court also found that appellant had received direct care provider services through the Paulding County Board of MR/DD services. In addition, the court found that the psychological evaluation revealed a "low average range" of intelligence for appellant. Based on the record before us, we cannot conclude that DHS was not diligent in its efforts to reunify appellant with his children or that the trial court failed to adequately set this factor in its judgment. Rather, it seems apparent that DHS's efforts did not enable the children to return home due to appellant's ability to deal with the issues. Appellant's first assignment of error is not well-taken and is overruled.
For his second assignment of error, appellant asserts:
 The decision of the trial court to award the permanent custody of appellant's two children to the Paulding County Department of Human Services was against the manifest weight of the evidence.
Appellant argues that the trial court's findings relating to the juvenile court's decision to award permanent custody of his children to DHS were against the manifest weight of the evidence.
Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. In re Kutzli (1991), 71 Ohio App.3d 843, 847, citingC.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279.
In order to grant permanent custody of children who are neither abandoned nor orphaned to a public children's services agency, the juvenile court must determine, by clear and convincing evidence, that the children "cannot be placed with either of [their] parents within a reasonable time or should not be placed with [their] parents[.]" R.C. 2151.414(B)(1). R.C. 2151.414(E) states the factors a court must consider, which include that the parents have failed continuously and repeatedly to substantially remedy the conditions that caused the children to be placed outside the home and that the parents have demonstrated a lack of commitment toward the children by failing to provide an adequate permanent home for the children. R.C. 2151.414(E)(1) and (4). In addition, the court must determine, by clear and convincing evidence, that it is in the best interests of the children to grant permanent custody to DHS. R.C. 2151.414(B). In determining the best interests of the children, the court must consider all relevant factors, including the four statutory factors listed in R.C. 2151.414(D), which include the interaction and interrelationship of the children with their parents, siblings and foster parents, the wishes of the children, the custodial history of the children, and the children's need for a legally secure permanent placement.
The judgment entry in this case refers to the problems the children had when DHS took temporary custody of them and makes specific conclusions from the findings of fact that appellant has failed continuously and repeatedly to substantially remedy the conditions that initially caused the children to be placed outside the home, that appellant has demonstrated a lack of commitment toward his children by failing to regularly support, visit, or communicate with them, or by other actions showing an unwillingness to provide an adequate permanent home for the children, and that appellant lacks the ability and understanding to properly care for the children. The record reveals that the case plans implemented focused on counseling, housing, parental skills and visitation. The record further indicates that appellant has been separated from the children's mother since July 1998. Although appellant's commitment to his children was evident, the DHS caseworker and family aid expressed concern about the consistency of appellant as far as preparing appropriate nutritious meals, interacting appropriately with the children and having good discipline. There were many supervised visits in which appellant became frustrated. It has been difficult for him to be able to consistently parent both children at the same time and Matthew has been described as being more needy of attention than the average child. Further, the family aid of DHS testified that appellant had shown very little progress toward maintaining the home environment during the last two years due to the lack of consistency on appellant's part, which has improved through assistance.
Appellant's supportive living provider during 1998 clearly reported that appellant would need to continue in a supportive living program indefinitely if he is going to try to raise his children. Although she believes that appellant has the ability or willingness to learn the parenting skills needed, the concern again is whether appellant has the stamina to work, parent two young children ages four and two and a half, and maintain the home in an appropriate style. Based on the supported living assessments and her own observations, the supervisor of this program also opined that there would always be the need for ongoing intervention by some agency in order for appellant to meet the needs of his children and to maintain a home for them.
Our review of the record also reveals that appellant functions at the low average range of intellectual functioning. To aid the determination of appellant's ability to parent, Dr. Butler's psychological testing completed in February 1998 identified a potential problem in the parent-child relationship with his son as being that appellant showed less than a normal level of interest in his child's activities and less than normal interest in spending time with him. Dr. Butler also stated that his evaluation reflects that appellant appears to be dependent upon others to tell him what things need to be done.
The evidence presented before the juvenile court made clear that there were significant concerns regarding appellant's ability to provide consistent care for the children. His pattern of difficulty in doing so is an indication that it will probably be difficult for him to consistently provide the care his children need and his ability to do so is far from certain. Upon review of the record, we conclude that the juvenile court's decision was not against the manifest weight of the evidence.
Accordingly, appellant's second assignment of error is overruled and the judgment of the juvenile court is affirmed.
HADLEY, P.J., and WALTERS, J., concur.
[1] This statute was subsequently amended. It now specifically includes division (E) of section 2151.31, or section2151.314 [2151.31.4], or 2151.33.