**In re OLAH.**

[Cite as *In re Olah* (2000), 142 Ohio App.3d 176.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 99CA007318.

Decided Aug. 24, 2000.

*Gregory A. White*, Lorain County Prosecuting Attorney, and *Sherry Newman Spenzer*, Assistant Prosecuting Attorney, for Lorain County Children Services.

*Law Offices of Brent L. English* and *Brent L. English*, for appellant Kimberly Dove.

*Robert Cabrera*, for Daniel Olah.

*Amy Wirtz*, for guardian *ad litem*.

WHITMORE, Judge.

Appellant Kimberly Dove has appealed from an order of the Lorain County Common Pleas Court, Juvenile Division, that granted temporary custody of her daughter to Lorain County Children Services. This court reverses and remands with instructions to dismiss the complaint without prejudice.

## I

On September 21, 1998, the Lorain County Children Services ("LCCS") filed a complaint in the Lorain County Common Pleas Court, Juvenile Division, seeking temporary custody of Kimberly Dove's daughter, Sarah. After a procedural parley between the parties, the juvenile court issued an order granting LCCS emergency temporary custody of Sarah and commenced a dispositional hearing on March 2, 1999. On March 22, 1999, the juvenile court entered its dispositional order, granting temporary custody of Sarah to LCCS. Dove timely appealed, asserting five assignments of error.

## II

R.C. 2151.35(B)(1) provides, in pertinent part:

"* * * The dispositional hearing shall not be held more than ninety days after the date on which the complaint in the case was filed.

■ "If the dispositional hearing is not held within the period of time required by this division, the court, on its own motion or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice." See, also, Juv.R. 34(A).

This court would further note that the statute's mandate to dismiss is not discretionary. *In re Brown* (1994), 96 Ohio App.3d 306, 310, 644 N.E.2d 1117, 1120; *In re Quickley* (June 15, 1995), Tuscarawas App. Nos. 94AP080054, 94AP080058, unreported, at * 2, 1995 WL 495564. The language employed by the General Assembly indicates that the matter *shall* be dismissed if the dispositional hearing is held outside the juvenile court's ninety-day window. Moreover, juvenile matters demand prompt administration. This court concludes, therefore, that the statute requires a juvenile court to dismiss without prejudice, on its own motion, when it cannot hold a timely dispositional hearing, *i.e.*, within ninety days of the filing of a complaint.[1] *In re Brown*, at 310, 644 N.E.2d at 1120; *In re*

---

1. This court would note that the dissent's argument regarding waiver and its reliance on *In re Jones* (Dec. 4, 1996), Lorain App. No. 96CA006393, unreported, 1996 WL 724757, are misplaced. This court's holding in that case related to the application of the Ohio Rules of

*White* (Jan. 28, 1999), Cuyahoga App. No. 74358, unreported, at * 4, 1999 WL 43321; *In re Quickley, supra,* at * 2.

█ In the case at bar, the dispositional hearing was clearly held more than ninety days after the complaint was filed. The complaint was filed on September 21, 1998, and the dispositional hearing was held on March 2, 4, 8, and 10, 1999. Because R.C. 2151.35(B)(1) requires the juvenile court to dismiss the complaint if a hearing cannot be held within ninety days, the judgment of the juvenile court on the complaint must be reversed, and the complaint filed September 21, 1998 must be dismissed without prejudice. See, *e.g., In re White, supra,* at * 4.

### III

The juvenile court was without the authority to place Sarah in the temporary custody of Lorain County Children Services. The judgment of the juvenile court is reversed, and the cause remanded. Upon remand, the juvenile court shall dismiss without prejudice the complaint filed September 21, 1998.

*Judgment reversed,*
*and cause remanded.*

BATCHELDER, P.J., concurs.

CARR, J., dissents.

CARR, Judge, dissenting.

I dissent because I feel that the trial court did have the authority to place Sarah in the temporary custody of Lorain County Children Services as Dove implictly waived the ninety–day requirement under R.C. 2151.35(B)(1). See *In re Jones* (Dec. 4, 1996), Lorain App. No. 96CA006393, unreported, 1996 WL 724757; *In re Kutzli* (1991), 71 Ohio App.3d 843, 845–846, 595 N.E.2d 1026, 1027–1028.

To say that the trial court lacked authority to proceed would defeat the very purposes the time limits were designed to protect, *i.e.,* prompt resolution of child custody issues and the adequate protection of children. As Justice Cook elo-

Civil Procedure to juvenile actions, specifically a Civ.R. 41(A)(1) dismissal with prejudice. This court's citation to *In re Kutzli* (1991), 71 Ohio App.3d 843, 595 N.E.2d 1026, was therefore *dicta.* Likewise, the dissent's reference to the Ohio Supreme Court decision in *In re Davis* (1999), 84 Ohio St.3d 520, 705 N.E.2d 1219 is misguided. *In re Davis* pertained to the *seven*–day limit within which a juvenile court must enter its disposition of a case involving a child adjudicated as abused, neglected, or dependent under R.C. 2151.35(B)(3). In any event, this court concludes that the language of R.C. 2151.35(B)(1) does not permit waiver and any decision from this court heretofore holding to the contrary is hereby overruled.

quently stated in *In re Davis* (1999), 84 Ohio St.3d 520, 523, 705 N.E.2d 1219, 1222:

"If there were jurisdictional consequences, a missed deadline would require either that the child be returned to a potentially risky home situation, or that a new complaint be filed and the process begun anew, delaying the final resolution of the issue even further. Such consequences would not serve the interests of children, who are too often relegated to temporary custody for too long."

Accordingly, because I would hold that the trial court had the authority to place Sarah in Lorain County Children Services's temporary custody, I respectfully dissent.