OPINION
{¶ 1} Appellants, Crystal White and Jason Burton (hereinafter "White" and "Burton," respectively) appeal the judgment of the Mercer County Court of Common Pleas, Juvenile Division, terminating their parental rights and granting permanent custody of Dominic Burton, a minor child, to the Department of Job and Family Services.
 {¶ 2} White and Burton have never been married and did not live together at the time of Dominic's birth, July 13, 2002. Rather, Dominic has resided solely with White, since Burton was incarcerated prior to and since Dominic's birth. On July 14, 2003, the Mercer County Department of Job and Family Services (hereinafter "Family Services") filed a complaint alleging that Dominic Burton (hereinafter "Dominic"), was a neglected or dependent child. The complaint alleged that Dominic was diagnosed with a possible hearing deficiency in August 2002 and that White failed to seek proper medical attention for him. The complaint further alleged that in January 2003 White left Dominic with a non-relative without providing any financial or medical means of caring for him and did not provide the caregiver with a way to contact her.
 {¶ 3} The complaint also alleged that in March 2003 White was convicted of a felony and sentenced to probation; that she violated the terms of her probation by using marijuana, despite being pregnant at the time; and that she was incarcerated from April 7, 2003 to June 18, 2003 for this violation; that Burton was sentenced on September 20, 2002 for an aggregate period of thirty-six months for breaking and entering and violations of previously imposed community control sanctions and was not eligible for release until March 1, 2005; that Dominic had been in the custody of Family Services since White was incarcerated, and that White and Burton had neglected Dominic or refused to provide proper care to him. Therefore, Family Services requested that the court find Dominic a neglected or dependent child and to award Family Services permanent custody of him.
 {¶ 4} A shelter care hearing was held July 15, 2003 after which the trial court found that removal of Dominic from the home was in his best interest. The trial court further found that Dominic should be placed in the temporary custody of Family Services. The trial court then scheduled both the adjudicatory and dispositional hearings for August 28, 2003.
 {¶ 5} At the adjudicatory hearing, ultimately held on September 5, 2003, the trial court found that Dominic was a neglected and dependent child. The trial court found that despite the diagnosis of a possible hearing deficiency, White neglected or refused to provide follow-up medical care. The trial court also found that Burton had been incarcerated from before the time Dominic was born. At the conclusion of the hearing, the trial court granted a motion made by Burton to bifurcate the dispositional hearing and hold it at a later date. Pursuant to that decision, the trial court advised the parties' counsel to meet with the assignment commissioner to schedule the dispositional hearing. The hearing was subsequently scheduled for October 17, 2003. On a motion by White, the dispositional hearing was continued until October 31, 2003. Additional testimony was heard on November 10, 2003.
 {¶ 6} On November 21, 2003, the trial court issued its judgment entry, finding by clear and convincing evidence that Dominic was a neglected child and that, pursuant to R.C.2151.414, it was in Dominic's best interest that permanent custody be awarded to Family Services. The trial court terminated the parental rights of both White and Burton.
 {¶ 7} White and Burton have each appealed the trial court's judgment. Burton sets forth three assignments of error for our review and White sets forth one assignment of error. For purposes of clarity, we address Burton's assignments of error first. Additionally, we combine Burton's first and second assignments of error, because they involve similar issues.
Assignment of Error No. I
 The Court of Common Pleas of Mercer County, Juvenile Divisionerred in granting permanent custody of Dominic Burton to theMercer County Department of Job and Family Services because itfailed to comply with Ohio Revised Code 2151.28, R.C. 2151.35 andOhio Juvenile Rule of Procedure 34 which provide that adispositional hearing held pursuant to Ohio Revised Code 2151.35shall be held no later than ninety (90) days after the date whichthe complaint was filed and if the Court cannot hold the hearingwithin 90 days of the filing of the complaint, the court shalldismiss the complaint without prejudice.
 Assignment of error No. II
 The Court of Common Pleas of Mercer County, Juvenile Divisionerred in granting permanent custody of Dominic Burton to theMercer County Department of Job and Family Services because itdid not conduct the dispositional hearing within thirty (30) daysof the court conducting an adjudication hearing as required byOhio Juvenile Rule of Procedure 34.
 {¶ 8} In these two assignments of error, Burton contends that the trial court erred in conducting the dispositional hearing because the hearing was held more than thirty days after the adjudicatory hearing and more than ninety days after the filing of the complaint, outside the time limits set forth in R.C.2151.35. Burton maintains that the failure to hold the hearings within the respective times divested the juvenile court of jurisdiction over the matter. Burton asserts, therefore, that the trial court erred by failing to dismiss the action.
 {¶ 9} A public children services agency may seek permanent custody of an abused, neglected, or dependent child in one of two ways. First, following an adjudication of abuse, neglect, or dependency, the agency can seek permanent custody at the initial disposition hearing, pursuant to R.C. 2151.35 and R.C.2151.353(A)(4). Second, the agency can seek permanent custody at a post-dispositional hearing held pursuant to R.C. 2151.414 upon filing a motion requesting permanent custody pursuant to R.C.2151.413.
 {¶ 10} In the case sub judice, Family Services chose to seek permanent custody following the adjudication at the initial dispositional hearing rather than filing a motion for permanent custody. Therefore, R.C. 2151.35 governs the procedures in the present case. The statute provides in pertinent part:
The dispositional hearing for an adjudicated abused,neglected, or dependent child shall be held at least one day butnot more than thirty days after the adjudicatory hearing isheld * * *. The court, upon the request of any party or theguardian ad litem of the child, may continue a dispositionalhearing for a reasonable time not to exceed the time limits setforth in this division to enable a party to obtain or consultcounsel. The dispositional hearing shall not be held more thanninety days after the date on which the complaint in the casewas filed.
 If the dispositional hearing is not held within the period oftime required by this division, the court, on its own motion orthe motion of any party or the guardian ad litem of the childshall dismiss the complaint without prejudice. Emphasis added.
 {¶ 11} Family Services filed the complaint with a prayer for permanent custody of Dominic on July 14, 2003. The adjudicatory hearing was held on September 5, 2003. The dispositional hearing was originally scheduled for October 17, 2003, but was continued until October 31, 2003, due to White's giving birth and subsequent hospitalization. The date on which the dispositional hearing was originally scheduled, October 17, 2003, was 42 days after the adjudicatory hearing and 95 days after the filing of the initial complaint. However, the record reveals that the dispositional hearing was delayed further by motions for continuance by Family Services and White, which Burton did not oppose, and by a motion for continuance by Burton himself.
 {¶ 12} The record indicates that the trial court originally set the adjudicatory and dispositional hearings for the same day, August 28, 2003. Burton, however, filed a motion on July 30, 2003 to have the two hearings bifurcated and the dispositional hearing held at a later date. Additionally, on August 13, 2003, a motion was filed by Family Services to continue the August 28, 2003 hearing due to the unavailability of a witness. There is no indication in the record that Burton objected to this continuance.
 {¶ 13} The trial court granted the continuance and the adjudication hearing was held on September 5, 2003. At the hearing, Burton renewed his motion to have the dispositional hearing held at a later date, which the trial court granted. The trial court instructed the parties to "meet with the assignment commissioner to schedule a date in approximately six weeks so that the court can be fully advised of the circumstances." The dispositional hearing was subsequently set for October 17, 2003.
 {¶ 14} On October 16, 2003, White filed a motion for continuance of the dispositional hearing scheduled for the following day. White's motion stated that on October 15, 2003, she had given birth to a son and would still be hospitalized at the time of the hearing. There is no indication in the record that Burton objected. The trial court granted White's motion and the dispositional hearing was held on October 31, 2003.
 {¶ 15} On November 3, 2003, following the hearing on October 31, 2003, Burton filed a motion for additional testimony in order for Dominic's paternal grandmother to be able to testify, claiming that she was an important witness and her failure to appear at the hearing was due to lack of notice. The trial court granted Burton's motion and the additional testimony was heard on November 10, 2003.
 {¶ 16} In sum, Burton participated in the scheduling of the dispositional hearing, failed to object when the hearing was continued, and even filed his own motion to continue the dispositional hearing. Under these circumstances, Burton has implicitly waived his right to invoke the statute to have the case dismissed for exceeding the statutory time limits. See Inre Kutzli (1991), 71 Ohio App.3d 843.
 {¶ 17} Accordingly, Burton's first and second assignments of error are overruled.
Assignment of error No. III
 The court of Common Pleas of Mercer County, Juvenile Divisionerred in determining by clear and convincing evidence thatDominic Burton could not be placed with his father Jason Burtonwithin a reasonable period of time as required by Ohio RevisedCode 2141.414 (E).
 {¶ 18} At the outset, we observe that decisions concerning child custody matters rest within the sound discretion of the trial court. Miller v. Miller (1988), 37 Ohio St.3d 71. This is especially true because the judge, acting as the trier of fact, is in the best position to observe witnesses, weigh evidence, and evaluate testimony. In re Brown (1994), 98 Ohio App.3d 337. Therefore, a trial court's determination in a custody proceeding is subject to reversal only upon a showing of abuse of discretion. Miller, 37 Ohio St.3d at 74.
 {¶ 19} A trial court conducting a hearing on a motion for permanent custody must follow the guidelines set forth in R.C.2151.414. Before the trial court can terminate parental rights it must find clear and convincing evidence of both prongs of the permanent custody test: (1) that the child is abandoned, orphaned, has been in the temporary custody of the agency for at least twelve months of the prior twenty-two months, or that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent, based on an analysis under R.C. 2151.414(E); and (2) the grant of permanent custody to the agency is in the best interest of the child, based on an analysis under R.C. 2151.414(D). In re T.C. (2000),140 Ohio App.3d 409, 420.
 {¶ 20} Burton challenges the trial court's finding only with regard to the first prong of the permanent custody test: that Dominic could not be placed with Burton within a reasonable time. Burton contends that the trial court erred in finding that reunification could not take place within a reasonable time pursuant to R.C. 2151.414 (E)(12) because the evidence established that he would be released from incarceration in less than eighteen months after the dispositional hearing.
 {¶ 21} R.C. 2151.414(E)(12) provides in relevant part:
If the court determines, by clear and convincing evidence,* * * that one or more of the following exist as to each of thechild's parents, the court shall enter a finding that the childcannot be placed with either parent within a reasonable time orshould not be placed with either parent:
 * * * The parent is incarcerated at the time of the filing ofthe motion for permanent custody or the dispositional hearing ofthe child and will not be available to care for the child for atleast eighteen months after the filing of the motion forpermanent custody or the dispositional hearing.
 {¶ 22} At the dispositional hearing, the trial court made a general finding that Dominic could not be reunited with either parent within a reasonable period of time. Neither party requested findings of fact and conclusions of law. It is, therefore, unclear whether the trial court found that reunification was not possible because Burton would not be available for at least eighteen months after the dispositional hearing. It is just as plausible that the trial court's finding may have been made pursuant to R.C. 2151.414 (E)(13), which provides that a child cannot be placed with a parent within a reasonable time if "the parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child." Based on the evidence of record, Burton had been incarcerated since before Dominic was born and would not be scheduled for release until February 2005. By that time, Dominic will be two and one-half years old.
 {¶ 23} Since the trial court did not specify its basis for finding that reunification within a reasonable time was not possible and because Burton did not request findings of fact and conclusions of law, we cannot determine which provisions of R.C.2151.414 (E) the trial court found to be applicable. Where findings of fact and conclusions of law were not specifically requested by party, the regularity of proceedings at the trial level will be presumed. See Civ.R. 52; Bunten v. Bunten (1998),126 Ohio App.3d 443. Accordingly, we cannot find that the trial court abused its discretion in determining that Dominic could not be reunited with Burton within a reasonable period of time.
 {¶ 24} Appellant's third assignment of error is overruled.
 {¶ 25} We next consider White's sole assignment of error presented for our review.
Assignment of error No. I
 The trial court erred in granting permanent custody to MercerCounty Department of Job and Family Services of Dominic Burton inthat terminating Mother's parental rights was not supported byclear and convincing evidence.
 {¶ 26} White asserts that the trial court's decision to award permanent custody to Family Services was in error because the state failed to establish by clear and convincing evidence that Dominic could not be placed with her within a reasonable time.
 {¶ 27} As stated herein, before granting permanent custody, a trial court must determine by clear and convincing evidence that a grant of permanent custody would be in the best interests of the child and that one of four enumerated factors applies. R.C.2151.414(B)(1). Included within this list is a determination that the child cannot be placed with either of his parents within a reasonable time. See R.C. 2151.414(B)(1). When determining whether a child cannot be placed with either of his parents within a reasonable time, the trial court is required to find one or more of sixteen factors listed in R.C. 2151.414(E) as to each parent by clear and convincing evidence. See R.C. 2151.414.
 {¶ 28} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Cross v. Ledford (1954),161 Ohio St. 469, 477. In addition, when "the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof." Id. (citations omitted). On review, therefore, we must determine whether the evidence was sufficient for the trial court to make its findings by a clear and convincing degree of proof.
 {¶ 29} We note that neither party in this case requested that the trial court issue findings of fact and conclusions of law pursuant to R.C. 2151.414(C). Therefore, we must presume the regularity of proceedings when reviewing the record and determining White's assignment of error. See Bunten v. Bunten
(1998), 126 Ohio App.3d 443.
 {¶ 30} Although the trial court's judgment entry is general, a review of the record in this case reveals specific facts that support the trial court's finding that Dominic could not be placed with White within a reasonable time pursuant to provisions of R.C. 2151.414(E). At least three of the statutory factors are pertinent to White's particular circumstances: the parent has repeatedly withheld medical treatment from the child; the parent has placed the child at substantial risk of harm due to drug abuse; and the parent has had parental rights involuntarily terminated with respect to a sibling of the child. R.C.2151.414(E)(8), (9), and (11), respectively.
 {¶ 31} The record indicated that pursuant to a case plan, Dominic was given a hearing test, which he failed. For five months, White failed to provide any follow-up care. Dominic was subsequently removed from White's care and placed in the temporary custody of Family Services. Evidence was also introduced that White has had her parental rights terminated as to three of her other children. White has repeatedly failed drug tests, has been convicted and incarcerated for fraud and violations of community control sanctions. When able to do so, White has failed to fully exercise her visitation rights with Dominic. Based on this evidence, we find that clear and convincing evidence existed for the trial court to grant permanent custody of Dominic to Family Services.
 {¶ 32} Accordingly, White's assignment of error is overruled.
 {¶ 33} Having found no error prejudicial to appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Shaw, P.J., and Bryant, J., concur.