OPINION
{¶ 1} Beverly Brown appeals from the Darke County Juvenile Court's dispositional order awarding Douglas Brown, her former husband, legal custody of their minor child, Karina, following an adjudication of dependency.
 {¶ 2} The present action began when Karina's paternal grandmother, Karen Brown, filed a July 26, 2002, complaint alleging that Karina was a dependent child under R.C. § 2151.04
and seeking temporary custody. At the time of the complaint, which alleged a lack of adequate parental care, Karina already was residing with Karen, who provided for her needs on a day-to-day basis. In support of her complaint, Karen alleged that Beverly had mental problems and had admitted being incapable of raising Karina. The complaint also alleged that Douglas was incapable of raising the child because of his work schedule and lack of parenting skills. Three days after Karen filed her complaint, the trial court awarded her interim temporary custody of Karina.
 {¶ 3} Following delays that will be discussed more fully, infra, the trial court held an adjudicatory hearing on October 4, 2004. Shortly thereafter, the trial court filed an entry finding Karina to be a dependent child. The trial court then held a dispositional hearing on September 26, 2005, and filed an October 25, 2005, decision and entry awarding legal custody of Karina to Douglas, her father. The dispositional order granted Beverly visitation rights. At the time of this dispositional order, Douglas and Beverly had divorced, and he was residing with his mother, Karen, along with Karina. Beverly appealed from the trial court's decision and entry awarding legal custody to Douglas. She advances the following ten assignments of error:
 {¶ 4} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO DISMISS THE COMPLAINT OF THE PATERNAL GRANDMOTHER SINCE THE JUVENILE COURT DOES NOT HAVE JURISDICTION TO DETERMINE COMPETING CLAIMS TO CUSTODY BETWEEN A PATERNAL GRANDMOTHER AND THE PARENTS OF THE CHILD UNDER ORC § 2151.27(A)(1) AND ORC § 2151.04, THE STATUTORY SCHEME CHOSEN BY THE PATERNAL GRANDMOTHER TO ASSERT HER PRAYER FOR CUSTODY."
 {¶ 5} Beverly contends the trial court lacked jurisdiction to proceed under the statutes pursuant to which Karen filed her complaint.
 {¶ 6} Karen brought her complaint under R.C. § 2151.27(A)(1), which provides, among other things, that "any person having knowledge of a child who appears to * * * be an unruly, abused, neglected, or dependent child may file a sworn complaint with respect to that child in the juvenile court[.]" Karen qualifies as "any person" and she filed a sworn complaint alleging that Karina was a dependent child. Moreover, R.C. § 2151.27(C) provides that a person who files such a complaint may include a prayer for relief requesting, inter alia, temporary custody of the child, which Karen also did in this case. Finally, the dispositional statute provides that following an adjudication of dependency a trial court may "[a]ward legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child." R.C. § 2151.353(A)(3). Here, the trial court ultimately elected to award legal custody to Douglas, who is Karina's father. Based on the foregoing statutes, the juvenile court had jurisdiction to act as it did.
 {¶ 7} In opposition to the foregoing conclusion, Beverly cites case law cautioning against using the dependency, abuse, and neglect statute as a back-door way of obtaining custody in an ordinary custody dispute. The Ohio Supreme Court recognized this possibility in In re Riddle, 79 Ohio St.3d 259, 1997-Ohio-391, but noted that "[t]he requirement that the trial court hold bifurcated hearings in cases such as this helps to direct the focus of the initial inquiry into whether a child is neglected or dependent (the allegations in this case) away from the custody issue." Id. at 265. In any event, the possibility that a party may misuse the dependency, abuse, and neglect statute does not mean that a juvenile court lacks jurisdiction to proceed when a complaint is filed thereunder. Beverly's first assignment of error is overruled.
 {¶ 8} "II. THE TRIAL COURT ERRED WHEN IT FAILED TO DISMISS THE COMPLAINT OF THE PATERNAL GRANDMOTHER WHERE THE ADJUDICATORY AND DISPOSITIONAL HEARINGS WERE SCHEDULED MORE THAN TWO YEARS AFTER THE COMPLAINT WAS FILED AND THERE IS NO EVIDENCE OF ANY WAIVER OF THE SCHEDULING OF THE HEARINGS BY THE APPELLANT/MOTHER, WHO MOVED FOR THE DISMISSAL OF THE COMPLAINT."
 {¶ 9} Beverly contends the trial court should have dismissed Karen's dependency complaint because the adjudicatory and dispositional hearings were not held in a timely manner.
 {¶ 10} This assignment of error implicates R.C. §2151.28(A)(2), which generally requires an adjudicatory hearing to be held no later than thirty days after a dependency, abuse, or neglect complaint is filed. It also implicates R.C. §2151.28(B)(3) and R.C. § 2151.35(B)(1), which generally require a dispositional hearing to be held no later than ninety days after the filing of a dependency, abuse, or neglect complaint.
 {¶ 11} Here the trial court did not comply with the foregoing time requirements. Karen filed her dependency complaint on July 26, 2002. The trial court held an adjudicatory hearing on October 4, 2004, and a dispositional hearing on September 26, 2005. The primary issue raised in this assignment of error is whether Beverly waived her right to obtain dismissal of the complaint for lack of timely adjudicatory and dispositional hearings. Although the time requirements are considered mandatory, the parties do not dispute that they are capable of being waived. See In reKutzli (1991), 71 Ohio App.3d 843, 845-846; In re Burton,
Mercer App. No. 10-04-01, 2004-Ohio-4021, at ¶ 16.
 {¶ 12} Based on our review of the docket, it appears that Beverly did not raise the issue of untimely adjudicatory and dispositional hearings until 2004, more than a year and a half after the ninety-day deadline had expired and after her continued participation in the case. As noted above, Karen filed her complaint on July 26, 2002. The trial court initially set a hearing date for October 28, 2002. At Karen's request, the trial court later continued the matter and scheduled a pretrial conference for December 10, 2002. The record contains a subpoena for the December 10, 2002, hearing, and a notice to serve the same. The record contains no other journal entries until March 19, 2003, when Karen moved for child support and medical insurance for Karina, who continued to reside with her. The record also contains an October 28, 2003, agreed judgment entry wherein Beverly and Douglas agreed to pay child support and to provide medical insurance for Karina. There was no other significant activity in the case until nearly eight months later, when Beverly, who was then represented by new counsel, moved on June 14, 2004, to terminate temporary custody and to designate her the residential parent. Thereafter, on September 29, 2004, Beverly raised the issue of non-compliance with the statutory deadlines set forth above and moved for dismissal of Karen's dependency complaint.
 {¶ 13} In response to Beverly's filings, Karen moved on October 1, 2004, to enforce a purported December 10, 2002, oral agreement between the parties that granted Karen temporary custody and resolved the case. In subsequently issued findings of fact, the trial court made a determination that the matter in fact had been settled on December 10, 2002, but that no judgment entry reflecting the settlement ever had been filed. This would explain the fact that no December 10, 2002, hearing ever took place, the fact that Beverly and Douglas agreed on October 28, 2003, to pay child support to Karen, and the fact that no activity took place in the case from the date of the agreed entry regarding child support until nearly eight months later when Beverly, represented by new counsel, moved to terminate temporary custody. In any event, despite finding that the parties had reached an agreement regarding Karen's complaint for custody, the trial court held adjudicatory and dispositional hearings, albeit well beyond the time limits discussed above, found Karina to be dependent, and awarded legal custody to Douglas, who was residing with his mother, Karen.
 {¶ 14} In light of the foregoing procedural history, we find that Beverly implicitly waived any objection to the untimeliness of the trial court's adjudicatory and dispositional hearings. She did not raise the issue until more than a year and a half after the latest deadline had expired and only after continuing to participate in the case well beyond the ninety-day statutory deadline. In our view, Beverly may not continue to participate in the case and agree to pay child support and then, long after expiration of the statutory deadlines, seek dismissal of the action on the basis of untimely adjudicatory and dispositional hearings. Cf. In re A.P., Butler App. No. CA2005-10-425,2006-Ohio-2717, at ¶ 12 (recognizing that "[a]n implicit waiver occurs when a party fails to move for dismissal when it becomes the party's right to do so, or when the party assists in the delay of the hearing"); In re Diamond H. (Aug. 15, 2000), Lucas App. No. L-99-1370 at *6 ("This court has previously found that a party may implicitly waive the right to have a dispositional hearing within ninety days of the filing of the complaint by failing to move for dismissal when it becomes the party's right to do so."). Beverly's second assignment of error is overruled.
 {¶ 15} "III. THE TRIAL COURT ERRED WHEN IT FAILED TO CONDUCT THE TRIAL AS A COMPLAINT FOR CUSTODY BY A NON-PARENT, PURSUANT TO ORC § 2151.23(A)(2)."
 {¶ 16} Beverly contends the trial court should have treated the present case as a straight custody dispute between a non-parent and a parent rather than as a dependency action. In this regard, she contends the trial court was required to make an "unsuitability" determination before considering an award of legal custody to Karen, a non-parent.
 {¶ 17} We find Beverly's argument to be unpersuasive. As set forth above, Karen filed her complaint as a dependency action. Therefore, the trial court did not err in treating it as one. As for Beverly's claim about the need for an "unsuitability" determination before a trial court considers an award of legal custody to a non-parent, we first note that the trial court here ultimately awarded legal custody to Douglas, who is Karina's father. In any event, there was no need for a finding that Beverly was an unsuitable parent before the trial court could consider Karina's grandmother, Karen, as a potential custodian. The Ohio Supreme Court has recognized that "[w]hen a juvenile court adjudicates a child to be * * * dependent, it has no duty to make a separate finding at the dispositional hearing that a noncustodial parent is unsuitable before awarding legal custody to a nonparent." In re C.R., 108 Ohio St.3d 369,2006-Ohio-1191, at syllabus paragraph three. Beverly's third assignment of error is overruled.
 {¶ 18} "IV. THE TRIAL COURT ERRED WHEN IT FOUND THAT APPELLANT `BEVERLY BROWN'S ATTORNEY REQUESTED CONTINUANCE. AFTER CONFERRING WITH ATTORNEY, HEARING RESCHEDULED TO OCTOBER 28, 2002' AS THERE IS NO EVIDENCE IN THE RECORD TO SUPPORT SUCH A FINDING AND THE EVIDENCE THAT IS IN THE RECORD DIRECTLY CONTROVERTS SUCH A FINDING."
 {¶ 19} "V. THE TRIAL COURT ERRED WHEN IT FOUND THAT `GAL REQUEST CONTINUANCE, ATTORNEYS AGREE AND RESCHEDULE PRE TRIAL CONFERENCE, SET FOR DECEMBER 10, 2002' AS THERE IS NO EVIDENCE IN THE RECORD TO SUPPORT SUCH A FINDING AND THE EVIDENCE THAT IS IN THE RECORD DIRECTLY CONTROVERTS SUCH A FINDING."
 {¶ 20} In her fourth and fifth assignments of error, Beverly disputes the trial court's factual finding that she requested and/or agreed to two continuances. Beverly appears to raise this issue in aid of her argument about the untimeliness of the adjudicatory and dispositional hearings. But regardless of whether Beverly actually requested or expressly consented to any continuances, we find that waiver applies for the reasons set forth in our analysis of her second assignment of error. As explained there, she actively participated in the proceedings and did not raise the untimeliness issue until more than a year and a half after the latest statutory deadline had expired. Therefore, the issues raised in her fourth and fifth assignments of error are immaterial. Any error in the trial court's factual findings regarding who requested or agreed to a continuance was harmless.
 {¶ 21} "VI. THE TRIAL COURT ERRED WHEN IT CONCLUDED THERE WAS AGREEMENT AND SETTLEMENT AT THE DECEMBER 10, 2002 PRETRIAL."
 {¶ 22} Beverly contends the trial court erred when it made a finding that the parties had reached an oral agreement to settle the case on December 10, 2002. As noted above, no journal entry was filed reducing the agreement to writing, but the trial court found that an agreement had been reached. Given that it nevertheless proceeded to conduct on-the-record adjudicatory and dispositional hearings, however, the trial court's finding regarding the existence of a prior oral settlement agreement is immaterial. Beverly's sixth assignment of error is overruled.
 {¶ 23} "VII. THE TRIAL COURT ERRED WHEN IT FAILED TO INCLUDE IN ITS DISPOSITION ANY PLAN OF REUNIFICATION FOR APPELLANT AND HER CHILD."
 {¶ 24} Beverly contends the trial court erred by failing to include a case plan in its dispositional order. This assignment of error implicates R.C. § 2151.353, which concerns the disposition of children who have been adjudicated dependent, abused, or neglected.
 {¶ 25} Beverly relies on R.C. § 2151.353(D), which states: "As part of its dispositional order, the court shall journalize a case plan for the child. The journalized case plan shall not be changed except as provided in section 2151.412 [2151.41.2] of the Revised Code."
 {¶ 26} The trial court's dispositional order did not include a case plan. Therefore, on its face, the order appears to violate the statute. We note, however, that the development of case plans is governed by R.C. 2151.412(A), which provides that "[e]ach public children services agency and private child placing agency shall prepare and maintain a case plan for any child to whom theagency is providing services and to whom" certain conditions apply.[1] (Emphasis added).
 {¶ 27} Most dependency, abuse, and neglect complaints originate with a children services agency, which under the foregoing statute would be required to provide a trial court with a case plan to include in its dispositional order. But a dependency action need not involve a children services agency. "[A]ny person" may file a dependency complaint under R.C. §2151.27(A), and Karina's grandmother, Karen, did so here. Beverly concedes that no children services agency has provided services in this case and that neither the trial court nor the parties are charged with the responsibility of preparing or maintaining a case plan. Therefore, there is no basis for requiring a case plan to be prepared or maintained under R.C. § 2151.412(A), which has no applicability. It follows that if children services agencies prepare and maintain case plans, and no case plan legally was required to be prepared or maintained here, then the trial court could not file such a plan with its dispositional order pursuant to R.C. § 2151.353(D). A trial court cannot file what does not (and in this case is not required to) exist. In our view, R.C. §2151.353(D) necessarily must be read as applying when a case plan is required to be prepared and maintained because a children services agency is involved in the case.
 {¶ 28} Finally, assuming arguendo that the trial court somehow could have filed a non-existent case plan, we would find any error on its part to be harmless. The purpose of a case plan is to reunite parent and child. But here the trial court granted legal custody to Douglas, who is Karina's father, with visitation rights granted to Beverly. Given that Douglas and Beverly are divorced, no case plan could have reunited Karina with both parents. Therefore, we would find no prejudice resulting from the absence of such a plan even if one were required. Beverly's seventh assignment of error is overruled.
 {¶ 29} "VIII. THE TRIAL COURT ERRED WHEN IT CONSIDERED THE TESTIMONY AND REPORT OF GORDON HARRIS, PH.D. CONCERNING THE THREE-WAY CUSTODY EVALUATION AND WHEN IT INTERVIEWED THE CHILD IN CHAMBERS REGARDING HER WISHES AND CONCERNS, PRIOR TO ANY DETERMINATION BY THE COURT THAT APPELLANT/MOTHER AND APPELLEE/FATHER ARE PRESENTLY UNSUITABLE."
 {¶ 30} Beverly claims the trial court erred in considering an expert witness's evaluation of Karen, Douglas, and herself as potential custodians for Karina. She also contends the trial court should not have questioned Karina about whether she wanted to live with her grandmother, Karen. These assertions are based on the premise that the trial court should have treated the present action as a straight custody dispute between a non-parent and a parent rather than as a dependency action. Beverly contends the trial court should not have considered any evidence about Karen possibly being granted custody until after making a determination that Beverly and Douglas were unsuitable.
 {¶ 31} This assignment of error lacks merit. The present case is a dependency action brought by paternal grandmother Karen. As set forth above, she had a legal right to file the action and to seek custody. See R.C. § 2151.27(A) and (C). Therefore, the trial court did not err in considering evidence in the form of Karina's opinion and the expert's opinion about Karen being granted custody. Moreover, as noted above, the trial court was not required to make a separate suitability determination with regard to Douglas and Beverly. In re C.R., 108 Ohio St.3d 369,2006-Ohio-1191, at syllabus paragraphs two and three. Beverly's eighth assignment of error is overruled.
 {¶ 32} "IX. THE TRIAL COURT ERRED WHEN THE TRIAL JUDGE READ THE FILED DEPOSITION OF THE CHILD'S COUNSELOR ELIZABETH GREGG, WHO DID NOT APPEAR AND TESTIFY AT ANY HEARING."
 {¶ 33} Beverly contends the trial court erred in reviewing a deposition of counselor Elizabeth Gregg. Prior to the dispositional hearing, Karen filed a notice of deposition for Gregg, who had interviewed Karina on several occasions. The notice identified the deposition as a "perpetuation deposition" taken "for the purpose of discovery[.]" During the November 17, 2004, deposition, Beverly's counsel declined to ask any questions. At the conclusion of the deposition, Beverly's counsel made an on-the-record objection to its use in lieu of live hearing testimony. Thereafter, during a May 24, 2005, pretrial conference prior to the dispositional hearing, Beverly's counsel again objected to the court reading Gregg's deposition in lieu of having her testify live. In response, the trial court stated only that it was going to take "everything" home to read prior to the dispositional hearing.
 {¶ 34} The trial court subsequently held the dispositional hearing and filed a dispositional order on October 25, 2005. In its order, the trial court made various factual findings and cited various pieces of evidence to support is ruling. Nowhere in its order did the trial court mention Gregg's deposition.
 {¶ 35} There is no evidence that Gregg was unavailable for the September 26, 2005, dispositional hearing. Nor do any of the criteria in Civ.R. 32(A)(3) appear to apply for purposes of using Gregg's deposition in lieu of live hearing testimony. On the other hand, nothing in the trial court's dispositional order indicates that it relied on the deposition. Moreover, based on our review of the record, we are firmly convinced that the trial court's disposition would have been the same even if it had not reviewed the deposition. Therefore, we conclude that any error in the trial court reviewing the deposition was harmless. Beverly's ninth assignment of error is overruled.
 {¶ 36} "X. THE TRIAL COURT ERRED WHEN IT CONDUCTED THE APPELLEE'S PART OF THE SEPTEMBER 29, 2005, `DISPOSITIONAL' HEARING AS AN INFORMAL HEARING, ALLOWING APPELLEE'S WITNESS TO TESTIFY ABOUT HEARSAY STATEMENTS AND ABOUT THE HISTORY OF APPELLANT'S RELATIONSHIP WITH HER CHILD, BUT CONDUCTED THE APPELLANT'S PART OF THE SEPTEMBER 29, 2005 `DISPOSITIONAL' HEARING AS FORMAL AND SUBJECT TO THE RULES OF EVIDENCE, RESTRICTING APPELLANT'S WITNESS'S TESTIMONY ABOUT THE HISTORY OF APPELLANT'S RELATIONSHIP WITH HER CHILD AND REFUSING TO ADMIT INTO EVIDENCE DOCUMENTARY EVIDENCE PRESENTED BY APPELLANT ON STRICT EVIDENTIARY GROUNDS."
 {¶ 37} Beverly first complains that the trial court erred in allowing hearsay testimony from social worker Jill White during the dispositional hearing. When a dispositional hearing follows an adjudication of dependency, however, a trial court generally is permitted to consider hearsay. See Juv.R. 34(B)(2). An exception exists if the hearing is on a motion for permanent custody. In such a case, the Rules of Evidence apply. See Juv. R. 34(I).
 {¶ 38} Although Karen stated at the dispositional hearing that she would like permanent custody, her complaint requested only temporary custody. Moreover, prior to the dispositional hearing, Karen withdrew a motion for permanent custody that she previously had filed. Therefore, at the time of the dispositional hearing, no motion for permanent custody was pending. We note too that the trial court granted Douglas legal custody of Karina as opposed to permanent custody.[2] As a result, Juv.R. 34(I) did not apply and the trial court acted within its discretion in considering the hearsay testimony.
 {¶ 39} Beverly next complains that the trial court permitted the guardian ad litem to testify about Beverly's relationship with Karina but refused to allow Beverly's witnesses to provide similar testimony. The guardian ad litem testified about events that had transpired since 2002, the year the dependency action was filed, when Karina was five years old. Beverly's witnesses attempted to testify about her relationship with Karina from the time of the child's birth. The trial court refused to hear testimony about events in the distant past and directed counsel to ask questions about Beverly's relationship with Karina since age three and forward. Given that Karina was age five when the complaint was filed, we find no abuse of discretion in the trial court's decision to limit testimony to Karina's relationship with her mother since age three.
 {¶ 40} Finally, Beverly complains about the trial court's exclusion of "documentary evidence" in the form of photographs of herself with Karina. The trial court excluded the photographs on the basis that "[t]here's no background who took them, when they were or anything else." But the identity of the photographer does not appear to be particularly relevant. The pictures mostly are of Beverly interacting with Karina. Insofar as it might be relevant when the pictures were taken, that is evident to some extent from Karina's apparent age in them. In some of the pictures, Karina is certainly younger than three years old — the age the trial court selected as a cut-off point for evidence of Karina's relationship with her mother. In other pictures, however, Karina appears to be older than three years of age. We see no reason why these pictures would be inadmissible. In any event, based on our review of the record as a whole, we conclude that the trial court's decision to exclude the photographs constituted harmless error. We are firmly convinced that the result of the proceedings below would have been the same even if the trial court had admitted the photographs into evidence. Beverly's tenth assignment of error is overruled.
 {¶ 41} Having overruled each of Beverly's assignments of error, we hereby affirm the judgment of the Darke County Juvenile Court.
Judgment affirmed.
Grady, P.J., and Donovan, J., concur.
[1] We note that case plans also are addressed by Juv.R. 34(F), which states:
"As part of its dispositional order, the court shall journalize a case plan for the child. The agency required to maintain a case plan shall file the case plan with the court prior to the child's adjudicatory hearing but not later than thirty days after the earlier of the date on which the complaint in the case was filed or the child was first placed in shelter care. The plan shall specify what additional information, if any, is necessary to complete the plan and how the information will be obtained. All parts of the case plan shall be completed by the earlier of thirty days after the adjudicatory hearing or the date of the dispositional hearing for the child. If all parties agree to the content of the case plan and the court approves it, the court shall journalize the plan as part of its dispositional order. If no agreement is reached, the court, based upon the evidence presented at the dispositional hearing and the best interest of the child, shall determine the contents of the case plan and journalize it as part of the dispositional order for the child."
[2] Under R.C. § 2151.353(A)(3), a trial court may award legal custody to either parent after adjudicating a child dependent. Legal custody is "a legal status that vests in the custodian the right to have physical care and control of the child and to determine where and with whom the child shall live, and the right and duty to protect, train, and discipline the child and to provide the child with food, shelter, education, and medical care, all subject to any residual parental rights, privileges, and responsibilities." R.C. § 2151.011(B)(19). Permanent custody, on the other hand, is "a legal status that vests in a public children services agency or a private child placing agency, all parental rights, duties, and obligations, including the right to consent to adoption, and divests the natural parents or adoptive parents of all parental rights, privileges, and obligations, including all residual rights and obligations." R.C. §2151.011(B)(30).