DECISION AND JUDGMENT ENTRY
{¶ 1} Jenny Chapman, the natural mother of the children, appeals the trial court's decisions adjudicating her children dependent and committing them to Athens County Children Services' (ACCS) protective custody. She contends that the trial court erred by denying her two motions to dismiss because (1) the trial court failed to hold a dispositional hearing within the ninety-day period set forth in the statute and Juvenile Rules, and (2) ACCS failed to present enough evidence to demonstrate that the children's environment warranted ACCS in assuming their guardianship. First, the trial court clearly did not hold the dispositional hearing within the ninety-day time limit. However, Chapman contributed to the delay by waiting until the day of the hearing to request appointed counsel and subsequently seeking an additional continuance. Thus, she implicitly waived the time limitation. Second, ACCS presented evidence that *Page 2 
Chapman used marijuana in the home on a daily basis and that she failed to maintain a reasonably sanitary home. Thus, the record contains some evidence to support the court's finding that the children were dependent. Accordingly, the trial court correctly denied both motions and we affirm its judgment.
 I. FACTS {¶ 2} On May 17, 2006, ACCS filed complaints alleging D.W. and K.N. to be neglected and dependent children. The trial court originally scheduled the adjudicatory hearing for June 13, 2006, but on that date, Chapman appeared and, for the first time, requested counsel. The trial court advised Chapman that the complaint and summons she "received outlined various rights which included the right to be represented by an attorney and to apply for one. It's awkward when we get this far into the case and for the first time we get an application for counsel. * * * I want you to fill out the application and I want you to have an attorney if that's what you want but this case is about a month old at this point and there would have been earlier times when you could have and should have contacted this court as described in the papers you received to make the request for an attorney, but we can give you a chance this afternoon to fill out that paperwork and hopefully get someone appointed to represent you."
 {¶ 3} The court then set the matter for a July 5, 2006 adjudicatory hearing. On June 29, 2006, Chapman's counsel requested a continuance, and the court continued the hearing to August 1, 2006.
 {¶ 4} At the adjudicatory hearing, Chapman's community control supervisor testified that he visited the home in March of 2006 and found it to be "in complete disarray." He stated that there was rotting food on the counters and somewhere around *Page 3 
one hundred Mountain Dew cans sitting around the home, "some half f u ll [,] some empty, some used as ash trays." He also saw a marijuana pipe and a baggie of marijuana. He visited the home again one month later and found the same conditions, except he did not see any drugs.
 {¶ 5} The ACCS caseworker stated that ACCS filed the complaint because of concerns with drug use while the children were present in the home, the cleanliness of the home, and Chapman's lack of responding to appointments and drug screens.
 {¶ 6} After ACCS finished presenting its case, Chapman asked the court to dismiss the complaints because ACCS did not present enough evidence to show that the children were dependent.
 {¶ 7} On August 16, 2006, Chapman filed a motion to dismiss on the basis that the court failed to hold the dispositional hearing within the ninety-day time period required by R.C. 2151.35(B)(1). Nonetheless, the trial court subsequently adjudicated the children dependent because Chapman admittedly used marijuana on a daily basis even though she was under community control sanctions for a felony conviction. The court noted that her community control officer made an unannounced visit to her home, which "revealed extreme disarray, rotting food, marijuana pipes and marijuana," and "[a] follow-up visit the next month found the same deplorable conditions but no drugs."
 {¶ 8} In September 2006, the court held the dispositional hearing. Initially, the court addressed Chapman's motion to dismiss on the grounds the court failed to hold the hearing within the ninety-day period. The court explained: "There was [a] three to four week delay in the request for counsel by any of the parties and I felt the need for counsel was more important than worrying about the time-line since the children were *Page 4 
not removed from the home. Further, after arming the parties with counsel there was another request for a continuance which the court accommodated to the best of the court's schedule so there's probably about anywhere from 20 to 60 days worth of delay brought on either by the failure to timely request counsel or the needs of counsel for the parents in terms of proceeding to the hearing." The court subsequently granted ACCS a one-year period of protective supervision.
 II. ASSIGNMENTS OF ERROR {¶ 9} Chapman raises the following assignments of error:
First Assignment of Error: It was error for the court to deny the motion to dismiss filed August 16, 2006, by defendant-appellant Jenny Chapman as implied by the decision and judgment entry filed August 23, 2006, because the court had not issued an adjudication decision or held a disposition hearing as mandated within ninety days of May 17, 2006, the date the complaints alleging the children herein to be neglected and dependent were filed.
Second Assignment of Error: It was error for the court to deny the motion to dismiss made by defendant-appellant Jenny Chapman and Dirk Newsom following testimony presented by Plaintiff-Appellee Athens County Children Services on the complaints alleging the children herein to be neglected and dependent when the testimony established the children were healthy, the home was safe, and the parents provided for the needs of the children.
 III. NINETY-DAY TIME LIMIT {¶ 10} In her first assignment of error, Chapman argues that the trial court erred by denying her motion to dismiss because the court failed to hold the dispositional hearing within the ninety-day time period set forth in R.C. 2151.28(B)(3). She asserts that under R.C. 2151.35(B)(1) and Juv.R. 34, the court was required to dismiss the complaints.
 {¶ 11} We conduct a de novo review of a trial court's decision regarding a motion *Page 5 
to dismiss under R.C. 2151.35(B)(1). See, generally, In re Brown, Darke App. No. 1676, 2006-Ohio-3189; In re A.P., Butler App. No. CA2005-10-425, 2006-Ohio-2717 (both appearing to review issue de novo without expressly stating so). Thus, we independently review the record and accord no deference to the trial court's decision.
 {¶ 12} R.C. 2151.28(B)(3) states: "The court shall schedule the date for the dispositional hearing * * * . The parents of the child have a right to be represented by counsel; however, in no case shall the dispositional hearing be held later than ninety days after the date on which the complaint was filed."
 {¶ 13} R.C. 2151.35(B)(1) and Juv.R. 34(A) both provide that the dispositional hearing shall be held within ninety days of the filing of the complaint. If the dispositional hearing is not held within this ninety-day time period, then the court "shall dismiss the complaint without prejudice." Juv.R. 34(A); R.C. 2151.35(B)(1). However, we do not believe the time limit is a predicate to maintaining subject matter jurisdiction. Thus, any error in failing to observe results in an error in the execution of jurisdiction rather than a lack of jurisdiction. SeePratts v. Hurley, 102 Ohio St.3d 81, 2004-Ohio-992, ¶¶ 11 12.
 {¶ 14} Although the time requirements are considered mandatory, a parent may waive them. See In re Kutzli (1991), 71 Ohio App.3d 843,845-846, 595 N.E.2d 1026; see, also, In re Brown, supra; In reBurton, Mercer App. No. 10-04-01, 2004-Ohio-4021, at ¶ 16. A party implicitly waives the time-limit when the party "fails to move for dismissal when it becomes the party's right to do so, or when the party assists in the delay of the hearing." In re A.P., Butler App. No. CA2005-10-425, 2006-Ohio-2717, at ¶ 12; see, also, In re Brown (holding that party waived time restriction by failing to raise the issue until more than one and one-half year passed since the complaint was filed); *Page 6 In re Burton (holding that parent implicitly waived the ninety-day time limit by failing to object when the court continued the dispositional hearing and filing his own motion to continue); In re Vinci, Cuyahoga App. No. 79111, 2002-Ohio-1663 (holding that parent implicitly waived time restriction by counsel's request for continuance in order to allow additional time to prepare a defense).
 {¶ 15} In In re Kutzli (1991), 71 Ohio App.3d 843, 595 N.E.2d 1026, instead of initially moving for a dismissal of the complaint, the appellant moved for a continuance of the hearing date. After the court grant the first continuance, the appellant sought a second continuance, which the court refused to grant. The appellant then moved for dismissal of the complaint based on the ninety-day requirement under R.C.2151.35(B)(1). The appellate court found that the appellant implicitly waived the ninety-day time limit because she requested a continuance.
 {¶ 16} Here, the trial court did not hold the dispositional hearing until September 6, 2006, more than ninety days after ACCS filed the complaint. However, as the trial court recognized, Chapman contributed to the delay. First, she did not request counsel until the date of the first-scheduled adjudicatory hearing, almost one month after ACCS filed the complaint. And, second, she requested one other continuance, which further delayed the adjudicatory hearing. Thus, although the court failed to hold the dispositional hearing within the ninety-day time limit, Chapman implicitly waived the time limitation by her delay in obtaining counsel and by her request for a continuance. Accordingly, the trial court did not err by denying her motion to dismiss, and we thus overrule Chapman's first assignment of error. *Page 7 
 IV. WEIGHT OF THE EVIDENCE {¶ 17} In her second assignment of error, Chapman contends that the trial court erred by denying her motion to dismiss because the evidence showed that "the children were healthy, the home was safe, and the parents had provided for the needs of the children." She asserts that ACCS failed to present enough evidence to support the court's decision that the children were dependent. While she characterizes her contention in terms of "sufficiency," we normally restrict that type of evidentiary analysis to criminal matters. Generally, we use a manifest weight of the evidence analysis in the civil context, including neglect and dependency matters.
 {¶ 18} The state has the burden of establishing dependency by clear and convincing evidence. R.C. 2151.35(A). The clear and convincing standard is an intermediate one: It is more than a mere preponderance of the evidence, but is less stringent than the beyond a reasonable doubt standard used in criminal cases. Cross v. Ledford (1954),161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus; see, also,State v. Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54. Clear and convincing evidence is the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. Cross; Schiebel; see, also,In re Estate of Haynes (1986), 25 Ohio St.3d 101, 103-104,495 N.E.2d 23.
 {¶ 19} In reviewing whether a lower court's decision is based upon clear and convincing evidence, a reviewing court will examine the record to determine whether the trier of fact has enough evidence before it to satisfy the requisite degree of proof. *Page 8 
See Schiebel, 55 Ohio St.3d at 74. If there is some competent, credible evidence to support the lower court's judgment, then the reviewing court may not reverse it. Id.
 {¶ 20} R.C. 2151.04(C) provides that a child is dependent if his or her "condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship." A finding of dependency under R.C. 2151.04(C) focuses on whether the child is receiving proper care and support. In re Ohm, Hocking App. No. 05CA1,2005-Ohio-3500; In re Bibb (1980), 70 Ohio App.2d 117, 120,435 N.E.2d 96. Therefore, the court must base its determination on the condition or environment of the child, not the fault of the parents. In reBishop (1987), 36 Ohio App.3d 123, 124, 521 N.E.2d 838; In reBirchfield (1988), 51 Ohio App.3d 148, 156, 555 N.E.2d 325. That being said, a court may consider a parent's conduct insofar as it forms part of the child's environment. Ohm, citing In re Burrell (1979),58 Ohio St.2d 37, 39, 388 N.E.2d 738. The parent's conduct is significant if it is demonstrated to have an adverse impact on the child sufficient to warrant state intervention. Ohm.
 {¶ 21} In this case, the evidence presented at the hearing showed that Chapman failed to maintain a drug-free and sanitary home to such an extent that it posed a real threat to the well-being of her children. Granted there must be some nexus between a parent's drug abuse and an adverse effect on the child. Here, it is apparent that the unsanitary conditions of the household, regardless of whether they are related to the drug abuse, are of sufficient concern to warrant the State in assuming a protective role. Accordingly, we overrule Chapman's second assignment of error and affirm the trial court's judgment.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 McFarland, P.J. Kline, J.: Concur in Judgment and Opinion. *Page 1