[Cite as *In re L.J.*, 2011-Ohio-98.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF: [L.J.] and [S.J.], | : | |
| | : | |
| [Adjudicated Neglected] Children. | : | Case Nos.: 10AP8 & 10AP9 |
| | : | |
| | : | |
| | : | DECISION AND |
| | : | JUDGMENT ENTRY |
| | : | File-stamped date: 1-10-11 |

APPEARANCES:

David A. Sams, West Jefferson, Ohio, for Appellant.

Laina Fetherolf, Hocking County Prosecuting Attorney, and Ann Allen McDonough, Hocking County Assistant Prosecuting Attorney, Logan, Ohio, for Appellee.

Kline, J.:

{¶1}     Ray and Henrietta Johnson (hereinafter the "Johnsons") appeal the judgment of the Hocking County Court of Common Pleas, Juvenile Division, which found their children to be educationally neglected. Because competent, credible evidence supports the juvenile court's decision, we disagree. Accordingly, we affirm the judgment of the juvenile court.

I.

{¶2}     The Johnsons have two daughters. S.J. was born on July 4, 1997, and L.J. was born on October 28, 1998. (Collectively, we will refer to S.J. and L.J. as the "Children.") The Johnsons were approved to home school their Children for the 2008-09 school year. But the Johnsons were not approved for home schooling the following year, and the Children were not attending school when the 2009-10 school year began.

As a result, on October 16, 2009, the Hocking County Children Services Board (hereinafter "Children Services") filed two complaints alleging that the Children were neglected.

**{¶3}** On November 10, 2009, the juvenile court entered a protective order that granted Children Services temporary custody of the Children. Several weeks later, the Children were delivered to Children Services and placed into foster care.

**{¶4}** Because the Johnsons failed to appear for several court dates, the trial court could not hold a dispositional hearing within ninety days of the original two complaints. See R.C. 2151.35(B)(1) ("The dispositional hearing shall not be held more than ninety days after the date on which the complaint in the case was filed."). As a result, on January 6, 2010, Children Services filed two new complaints alleging neglect. (The juvenile court eventually dismissed the October 16, 2009 complaints.)

**{¶5}** At an April 5, 2010 hearing, Ray and Henrietta Johnson testified about their Children's educations. The Johnsons agreed (1) that they had not submitted an academic assessment report for the 2008-09 school year and (2) that they had not been approved for home schooling for the 2009-10 school year. But even though they failed to comply with the requirements for home schooling, the Johnsons claimed that they had been properly educating their Children.

**{¶6}** Following the hearing, the juvenile court found the Children to be educationally neglected. And after a subsequent hearing, the juvenile court ordered the Children to remain in the temporary custody of Children Services.

{¶7}     The Johnsons appeal and assert the following assignment of error: I. "THE FINDING OF NEGLECT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

II.

{¶8}     Under their assignment of error, the Johnsons advance two general arguments.  Their first argument relates to R.C. 2151.23(A)(1), which "provides that the trial court must determine the issue of neglect or dependency as of the date specified in the complaint."  *In re Barnhart*, Athens App. No. 05CA8, 2005-Ohio-2692, at ¶20, citing *In re Hay* (May 31, 1995), Lawrence App. No. 94CA23.  In the proceedings below, the relevant complaints were filed on January 6, 2010.  As such, the Johnsons contend that the juvenile court erred because, at that time, the Children "were properly enrolled in a home-schooling program through the Berne Union Local School District."  Merit Brief of Appellant Parents, R.J. & H.J. at 2.  Secondly, the Johnsons argue that "there was no evidence that [they had] refused to educate their [C]hildren[.]"  Merit Brief of Appellant Parents, R.J. & H.J. at 2.  For either of these reasons, the Johnsons contend that the trial court's educational-neglect finding is against the manifest weight of the evidence.

{¶9}     Under R.C. 2151.35, clear-and-convincing evidence must support a finding of neglect.  See *Barnhart* at ¶17; *In re Pieper Children* (1993), 85 Ohio App.3d 318, 326 (citation omitted).  To be clear and convincing, the evidence must "'produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'"  *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 368, quoting *Cross v. Ledford* (1954), 161 Ohio St. 469, at paragraph three of the syllabus.  Although the clear-and-convincing-evidence standard is a higher degree of proof than the preponderance-of-

the-evidence standard, it is less stringent than the beyond-a-reasonable-doubt standard. See *Barnhart* at ¶17, citing *In re Baby Girl Doe*, 149 Ohio App.3d 717, 2002-Ohio-4470, at ¶89; *State v. Schiebel* (1990), 55 Ohio St.3d 71, 74.

**{¶10}** "In reviewing whether a lower court's decision is based upon clear and convincing evidence, a reviewing court will examine the record to determine whether the trier of fact has enough evidence before it to satisfy the requisite degree of proof. See *Schiebel* * * * at 74. If there is some competent, credible evidence to support the lower court's judgment, then the reviewing court may not reverse it. Id." *In re D.W.*, Athens App. No. 06CA42, 2007-Ohio-2552, at ¶19. See, also, *Barnhart* at ¶18. "The trial court's discretion in making the final determination should be given 'the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned.'" Id., quoting *In re Alfrey*, Clark App. No. 01CA0083, 2003-Ohio-608, at ¶102.

**{¶11}** Under R.C. 2151.03(A)(3), a "'neglected child' includes any child * * * [w]hose parents, guardian, or custodian neglects the child or refuses to provide proper or necessary subsistence, *education*, medical or surgical care or treatment, or other care necessary for the child's health, morals, or well being[.]" (Emphasis added.)

**{¶12}** We find that competent, credible evidence supports the juvenile court's educational-neglect finding – regardless of whether the Children were properly enrolled in a home-schooling program on January 6, 2010. Here, there is substantial evidence that the Johnsons refused to provide proper educations for their Children. For example, the Johnsons did not comply with the assessment requirements of Ohio Adm.Code 3301-34-04. Under Ohio Adm.Code 3301-34-04(A), parents of home-schooled children

"shall send to the superintendent an academic assessment report * * * for the previous school year[.]" It is undisputed that the Johnsons failed to complete the mandatory academic assessment reports for 2008-09. Furthermore, the Johnsons were not approved for home schooling for the 2009-10 school year. (The Children were properly enrolled in a home-schooling program for the 2009-10 school year only *after* Children Services obtained temporary custody.) And finally, aside from generalities, the Johnsons could not testify as to their Children's reading or math skills. Essentially, the Johnsons (1) did not comply with the requirements for home schooling, (2) were not approved for home schooling for the 2009-10 school year, and (3) had no effective means of demonstrating their Children's academic achievements. As a result, we find that competent, credible evidence supports the juvenile court's educational-neglect finding.

**{¶13}** Accordingly, we overrule the Johnsons' assignment of error and affirm the judgment of the juvenile court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellants shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Harsha, J. and Abele, J.:  Concur in Judgment and Opinion.

For the Court

BY:_____
     Roger L. Kline, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**